Joseph P. **ROSSITTO**, Defendant Below, Appellant,

v.

**STATE** of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Nov. 9, 1972.

Emmett J. Conte, Jr., Wilmington, for defendant below, appellant.

Francis A. Reardon, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before WOLCOTT, Chief Justice, and CAREY and HERRMANN, Associate Justices.

HERRMANN, Justice:

This appeal presents the questions of the constitutionality of the Gambling Paraphernalia Statute, 11 Del.C. § 669(a),[1] and of Rule 8(2) [2], Del.C.Ann., of this Court.

The questions arise under appeals from denials by the Superior Court of post conviction relief sought by the defendant, under Superior Court Criminal Rule 35(a), Del.C.Ann. from two convictions for violations of 11 Del.C. § 669(a). One conviction gave rise to an appeal and an affirmance after the usual briefing and argument. See Del., 287 A.2d 669. An appeal from the other conviction resulted in a summary affirmance under Rule 8(2). The appeals from the Rule 35(a) proceedings are herein consolidated.

### I.

The attack upon the constitutionality of § 669(a) is based upon the grounds that the Statute is vague, indefinite, and uncer-

1. 11 Del.C. § 669(a) provides:
   "§ 669. Betting; recording bets; keeping recording equipment; ownership or occupancy of premises; pari-mutuel exception
   "(a) Whoever keeps, exhibits or uses, or is concerned in interest in keeping, exhibiting or using, any book, device, apparatus or paraphernalia, for the purpose of receiving, recording, or registering bets or wagers upon the result of any trial or contest, in this State or elsewhere, of skill, speed or power of endurance of man or beast * * * " shall, for a first offense, be fined, etc.

2. Rule 8(1) provides a schedule for the filing of briefs. Rule 8(2) then provides:
   "(2) Provided, however, that within five days after receipt of the appellant's opening brief, in lieu of a brief the appellee may file and serve a motion to affirm the order or judgment below. The sole ground for such motion shall be that it is manifest on the face of the appellant's brief that the appeal is unquestionably without merit because (1) the issue on appeal is clearly controlled by settled Delaware law; (2) the issue on appeal is factual, and clearly there is sufficient evidence to support the jury verdict or the findings of fact below; or (3) the issue on appeal is one of judicial discretion, and clearly there was no abuse of discretion below. There shall be no briefing or argument on the motion, or response thereto, unless requested by the Court. If the motion to affirm shall be granted, an order will be entered and a mandate will issue thereon, without further briefing and without oral argument. If the motion shall be denied, the appellee's brief will be due within twenty days after receipt of notice of such denial; and the appeal will proceed through briefing, oral argument, and disposition as provided by these Rules."

tain in that: it sets up no ascertainable standards of guilt; it insufficiently defines the acts and conduct which constitute the crime; and the word "paraphernalia" is vague, undefined, and of indeterminate meaning—all, according to the defendant, in violation of the Due Process Clause of the Fourteenth Amendment and the Freedom of the Press and Due Process Clauses of the State Bill of Rights, Del.Const., Del.C.Ann., Art. 1, §§ 5 and 7.

This Statute is almost 80 years old. See 20 Del.L., Ch. 41 (1895); 1915 Del.C. ¶ 3572. During that long period of time, there have been innumerable arrests, prosecutions, and convictions thereunder. It is curious that after three quarters of a century of testing and usage, the defendant is still able to assert seriously that the Statute is too vague and uncertain to be fairly meaningful to him—a contention usually addressed to penal statutes creating new offenses. Nevertheless, we take the occasion to put the question to rest.

This Statute has been repeatedly found by our Trial Courts to be sufficiently clear and certain to satisfy the constitutional prescriptions. E. g., State v. Caruso and Tollin, Del.Ct.Gen.Sess., 3 Terry 310, 32 A.2d 771 (1943); State v. DiMaio, Del. Super., 185 A.2d 269 (1962). This Court has not had the occasion to rule directly on the question; but we have passed closely enough to it to make our conclusion unmistakable. In State v. Robinson, Del.Supr., 251 A.2d 552, 554 (1969), we approved and adopted the *Connally* test [Connally, Commissioner v. General Const. Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926)] for the ascertainment of statutory certainty under the Due Process Clause: (46 S.Ct. at 127)

"That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-

recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. * * *."

See also State v. Ayers, Del.Supr., 260 A. 2d 162 (1969).

Applying the *Connally* test, we hold that § 669 meets the prerequisites and standards thereof. The words used in § 669 have a common and ordinary meaning, sufficiently certain and understandable to the average person to fulfill the constitutional requirements.

The defendant relies upon Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939); Bouie v. City of Columbia, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964); Winters v. New York, 333 U. S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948); and Hodsdon v. Buckson, D.C.Del., 310 F. Supp. 528 (1970). Insofar as they are apposite, we think the conclusion reached here is consonant with those authorities.

It is held, therefore, that 11 Del.C. § 669 meets the certainty requirements of the Federal and State Constitutions.

II.

As to Rule 8(2), the defendant contends that he can find no authority to support his attack; indeed, he seems to find it difficult to articulate his position at all, stating only that he has "seriously urged" that Rule 8(2) is "constitutionally defective".

The defendant's utter failure to support this ground of his appeal would warrant summary disposition thereof. However, in view of the newness and novelty[3] of Rule 8(2), we take the occa-

3. Rule 8(2), originated in this State on May 1, 1971, is an adaptation of a pro-
cedure prevalent in the Court of Appeals of Michigan.

sion to comment upon its validity, operation, and usefulness. See Dumire v. State, Del.Supr., 278 A.2d 836 (1971).

We know of no constitutional deficiency in Rule 8(2). It is based upon the assumption that the appellant will state fully in his opening brief the grounds of his appeal and the arguments and authorities in support thereof; that he will "put his best foot forward" in his opening brief. At that stage, the Court is entitled to screen the appeal against the minimal tests set forth in the Rule. At that stage, there is no need for a brief from the appellee. And at that stage, there is no constitutional right to oral argument. See Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); Reynolds v. Florida Mobile Homes, Fla., 200 So.2d 793 (1967); State ex rel. Mass Transportation Authority v. Indiana Revenue Board, Ind., 254 N.E.2d 1 (1969).

If, on the face of the appellant's opening brief, it appears to the Court "manifest" that the "appeal is unquestionably without merit", for any of the three "clear" reasons specified, the Court may, on the authority of the Rule, make summary disposition of the appeal forthwith by entering an order affirming the judgment or order below. By so doing, the appellee is saved the expense of further defending the appeal, the litigation is speeded toward conclusion, and the Court clears its docket of an unmeritorious appeal without further ado.

We know of no right of the appellant violated by these procedures, and none has been brought to our attention.

This summary disposition of an appeal is indulged by the Court cautiously. A motion for affirmance under the Rule is granted only when there is a unanimous decision that the appeal is "unquestionably without merit" and that the motion should be granted; in the absence of such unanimity, a motion under the Rule is uniformly denied as a matter of course.

Rule 8(2) has proved to be a useful tool for promoting economy in litigation and for accelerating the appellate process.

Affirmed.