Ronald E. PROCTOR, Plaintiff
Below–Appellant,

v.

Keith BUNTING, et al., Defendants
Below–Appellees.

No. 291, 2001.

Supreme Court of Delaware.

Submitted: April 3, 2002.
Decided: May 7, 2002.
Reargument Denied May 30, 2002.

Ronald Proctor, pro se.

Gregory E. Smith, Department of Justice, Wilmington, for appellees.

Before WALSH, HOLLAND, and BERGER, Justices.

HOLLAND, Justice:

The plaintiff-appellant, Ronald Proctor, is an inmate in the custody of the Delaware Department of Correction, incarcerated at the Delaware Correctional Center (DCC) in Smyrna, Delaware. Proctor filed this appeal from several final civil judgments entered by the Superior Court. Those judgments dismissed each of Proctor's three respective appeals from the Court of Common Pleas on various jurisdictional grounds.

In the opinion which provided the rationale for its judgments, the Superior Court provided an extensive procedural history of the three actions that have been consolidated before this Court on appeal. The Superior Court's opinion provided detailed legal explanation for why the Court of Common Pleas appropriately dismissed each of Proctor's lawsuits. In dismissing Proctor's lawsuits, the Court of Common Pleas and the Superior Court both characterized Proctor's proceedings in those courts as legally frivolous.

The State has moved to affirm the Superior Court's judgments.[1] The State alleges that it is manifest on the face of

---

1. Most of the appellees are employees of the State of Delaware.

Proctor's opening brief that his appeal is without merit. We agree.

The record reflects that Proctor filed his notice of appeal in this Court on June 22, 2001. His opening brief on appeal was due to be filed on August 6, 2001. Proctor was granted an extraordinary number of extensions of time in order to file his opening brief.

Proctor finally filed an opening brief on March 26, 2002. Proctor's opening brief does not reflect a good faith effort at complying with the rules of this Court. It also fails to raise and address the substantive merits of even one legal issue. Instead, Proctor's opening brief states, "All arguments are omitted but review is demanded de novo."

■■■ It is well established that this Court will not review a legal issue on appeal unless it is fully and fairly presented in the opening brief.[2] Nevertheless, this Court generally affords self-represented litigants some latitude in complying with the formal requirements for filing documents. Proctor's failure even to attempt to raise a single articulable legal issue in his opening brief, however, can only be construed as a waiver of all claims on appeal.[3]

The record reflects that Proctor's appeal in this Court is frivolous and constitutes an abuse of the judicial process. Accordingly, pursuant to 10 Del. C. § 8803(e), Proctor is enjoined from filing any future claims in this Court without first seeking leave of the Court. In the event such leave is granted, Proctor's future requests to proceed *in forma pauperis* in any matter before this Court must be accompanied by an affidavit containing the following certifications required by Section 8803(e):

(i) The claims sought to be litigated have never been raised or disposed of before in any court;

(ii) The facts alleged are true and correct;

(iii) The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;

(iv) The affiant has no reason to believe the claims are foreclosed by controlled law; and

(v) The affiant understands that the affidavit is made under penalty of perjury.

Proctor also is reminded of the provisions in Del.Code Ann. tit. 10, § 8805(a):

(a) Upon a court's finding pursuant to § 8803(b) or (c) of this title that a prisoner has filed a factually frivolous or malicious action, or upon a court's finding that the action is legally frivolous and that even a pro se litigant, acting with due diligence, should have found well settled law disposing of issue(s) raised, the court may order the Department of Correction to forfeit the portion of the litigant's behavior good time credits accumulated from the date the action was received by the court up to and including every month until the action was disposed of by the court. Upon the court's forwarding of such an order to the department of Correction setting forth such a finding, the Department shall forfeit the prisoner's accumulated good time as ordered by the court. To the extent the Department does not have jurisdiction to forfeit accumulated good time for a particular prisoner, the court shall forward the order to the appropriate agency who shall forfeit the

---

**2.** *Murphy v. State,* 632 A.2d 1150, 1152 (Del. 1993).

**3.** *Murphy v. State,* 632 A.2d 1150, 1152 (Del. 1993).

prisoners accumulated good time as ordered by the court.[4]

Although we are taking no forfeiture action in this appeal, in the event that Proctor files another matter in this Court that is found to be factually or legally frivolous, this Court may order the Department of Correction to forfeit a portion of Proctor's accumulated good time credits.[5]

The judgments of the Superior Court are affirmed.

---

**4.** Del.Code Ann. tit. 10, § 8805(a) (1999).

**5.** *See* Del.Code Ann. tit. 10, § 8805 (1999).