Ryan FLAMER, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 587, 2007.

Supreme Court of Delaware.

Submitted: May 21, 2008.
Decided: July 1, 2008.

---

1. *Violent Crimes Comp. Bd. v. Linton,* 545 A.2d 624, 625 (Del.1988).

2. *McClelland v. Gen. Motors Corp.,* 9 Storey 114, 214 A.2d 847 (Del.1965).

3. *Id.* at 848.

4. *Id.*

5. *Id.*

William A. Gonser, Jr., Esquire, Andrew W. Gonser, Esquire, Nancy Y. Gorman, Esquire and Tanisha L. Merced, Esquire, Gonser and Gonser, P.A., Wilmington, Delaware, for appellant.

Timothy J. Donovan, Jr., Esquire, Department of Justice, Wilmington, Delaware, for appellee.

Before HOLLAND, BERGER and RIDGELY, Justices.

HOLLAND, Justice:

The defendant-appellant, Ryan Flamer, was indicted in January 2007. Kristine Sellers was indicted as Flamer's co-defendant. On June 21, 2007, Flamer went to trial and Sellers entered a negotiated guilty plea to resolve the charges against her. Flamer was convicted of Trafficking Cocaine, Delivery of Narcotic Schedule II, and Possession with the Intent to Deliver. Flamer was sentenced to five years six months at Level V incarceration followed by descending levels of probation.

In this direct appeal, Flamer contends "[t]he Trial Court violated the defendant's right to a fair trial when, after denying a motion to suppress a tape recorded conversation between the incarcerated Defendant [Flamer] and the State's main witness [Sellers], it allowed only a four minute snapshot of the entire conversation to be played for the jury. Thus, the Defendant [Flamer] was unable to effectively cross examine the State's witness [Sellers] regarding the overall context of the four minute snapshot in relation to the phone conversation as a whole." We have concluded that the claim is without merit. Therefore, the judgments of the Superior Court must be affirmed.

### Facts

On December 19, 2006, Patrolman Sean Rankin of the New Castle County Police stopped a car for speeding on Interstate 495. The car's driver was Kristina Sellers. The car's sole passenger was the defendant, Ryan Flamer. Sellers did not have a driver's license.

After Sellers and Flamer were removed from the car, Patrolman Rankin saw a white powder strewn about the interior, particularly on the steering wheel and driver's seat. Searching the car, police found a digital scale in the passenger's side, front door compartment. A small

baggie of cocaine was found in the pockets of a pair of pants located in the car trunk.

Flamer and Sellers were both taken into custody and the car was towed to police headquarters. Sellers was searched by a female officer. As the search began, Sellers removed several baggies of marijuana and cocaine from her pants and handed them to the officer. The cocaine, in both powder and crack forms, weighed over eighty grams.

Sellers and Flamer were both indicted. On the day of trial, Sellers entered a guilty plea to Possession of Paraphernalia, Speeding and Driving While Suspended. As part of her plea bargain with the State, Sellers agreed to testify against Flamer.

In addition to Seller's testimony, the State's evidence included a tape recording of a telephone call between Sellers and Flamer, which Flamer had made from jail a few weeks prior to trial. During the telephone call, Flamer urged Sellers to refrain from testifying against him. The State only played a four minute portion of the tape recorded telephone conversation. At the conclusion of the trial, the jury convicted Flamer of all charges.

### *Plain Error Review Standard*

Flamer's trial began on Thursday, June 21, 2007. Defense counsel learned of the existence of the tape recorded telephone conversation on Monday, June 18, 2007, and listened to it on Tuesday, June 19, 2007. Prior to trial, defense counsel made a verbal motion to suppress, arguing that Flamer's Sixth Amendment right to counsel had been violated. The trial judge concluded there was no factual basis to conclude that Sellers was a State agent at the time Flamer called her on the telephone from prison. Therefore, the motion

to suppress was denied. The State advised the trial judge that it would not be playing the entire tape for the jury but that "this disc only contains a four minute snippet."

For the first time on appeal, Flamer argues that the trial judge erred in not requiring the prosecutor to play the entire tape recording of the telephone conversation between Flamer and Sellers, rather than a four-minute segment. Flamer contends that as a result, the trial judge violated his right to due process under the United States Constitution and the Delaware Constitution and also violated Delaware Rule of Evidence 106.

The record reflects that defense counsel objected at trial to the introduction of the four-minute tape recording on Sixth Amendment "right to counsel" grounds but did not object on the basis of the issues being raised in this appeal, i.e., whether the trial judge should have permitted the entire recorded conversation to be played rather than one segment of it. Because the trial judge never made an evidentiary ruling regarding the remaining part of the tape recorded conversation, we review that argument only for plain error. To obtain a reversal based upon the plain error standard of appellate review, the appellant has the burden of demonstrating that the error complained of is so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process.[1]

### *Review Waived Without Case Authority*

Although four attorneys are representing Flamer in this appeal, the Opening Brief does not cite a single case. In fact, the entire Table of Citations in the Opening Brief reads, as follows:

---

1. *Morgan v. State*, 922 A.2d 395, 402 (Del. 2007) (citing *Wainwright v. State*, 504 A.2d 1096, 1100 (Del.1986)).

U.S. Constitution
Amend. V
Del. Constitution
Art. I § 7
Delaware Rules of Evidence
Rule 106

We take judicial notice that the Sixth Amendment of the United States, and not the Fifth Amendment, provides the right to confront and cross-examine adverse witnesses.[2] That right was extended to state prosecutions by the Due Process Clause of the Fourteenth Amendment.[3]

■ The appealing party is generally afforded the opportunity to select and frame the issues it wants to have considered on appeal.[4] A corollary to that opportunity is a requirement that the appealing party's opening brief *fully* state the grounds for appeal, as well as the arguments *and supporting authorities* on each issue or claim of reversible error.[5] Therefore, this Court has held that the failure of a party appellant to present and argue a legal issue in the text of an opening brief constitutes a waiver of that claim on appeal.[6]

■ In order to develop a legal argument effectively, the Opening Brief must marshall the relevant facts and establish reversible error by demonstrating why the action at trial was contrary to either controlling precedent or persuasive decisional authority from other jurisdictions.[7] The failure to cite *any* authority in support of a legal argument constitutes a waiver of the issue on appeal.[8] Accordingly, we hold that all of the legal issues raised by Flam-

2. *Maryland v. Craig*, 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990).

3. *Pointer v. Texas*, 380 U.S. 400, 403, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).

4. *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993). *See also Rossitto v. State*, 298 A.2d 775, 778 (Del.1972).

5. *Turnbull v. Fink*, 644 A.2d 1322, 1324 (Del. 1994) (emphasis added). *See also Ortiz v. State*, 869 A.2d 285, 290–91 (Del.2005); *Rossitto v. State*, 298 A.2d at 778.

6. *Murphy v. State*, 632 A.2d at 1152.

7. *Rossitto v. State*, 298 A.2d at 778 (The defendant's utter failure to support this ground of his appeal would warrant summary disposition thereof. However, in view of the newness and novelty of Rule 8(2), we take the occasion to comment upon its validity, operation, and usefulness.). *Accord United States v. Useni*, 516 F.3d 634, 658 (7th Cir.2008) (citing *United States v. Holm*, 326 F.3d 872, 877 (7th Cir.2003)) ("We have repeatedly warned that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived....").

8. *Rossitto v. State*, 298 A.2d at 777; *Murphy v. State*, 632 A.2d at 1152. *Accord Devon Loui-siana Corp. v. Petra Consultants, Inc.*, 247 Fed.Appx. 539, 547 (5th Cir.2007) ("[A] single paragraph with no citations to authority is insufficient to constitute an argument on appeal. We have consistently held that such arguments are abandoned for inadequate briefing."); *Flanigan's Enterprises, Inc. v. Fulton County*, 242 F.3d 976, 987 n. 16 (11th Cir.2001) (Failure to elaborate or provide any citation of authority in support of argument in appellate brief waived argument on appeal.); *Scott v. Hern*, 216 F.3d 897, 910 n. 7 (10th Cir.2000) (Court of Appeals would not consider conclusory argument by appellant because appellant's brief was entirely void of citations to the record or relevant case law.); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir.1998) (quoting *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990)) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite lack of supporting authority ... forfeits the point. We will not do his research for him."); *Salazar v. City of Chicago*, 940 F.2d 233, 242–43 (7th Cir.1991) ("The plaintiff ... offers no argument on this point other than stating the point, and has cited no legal authority to support his assertion. Therefore, he has waived this argument for appeal.").

er in this appeal have been waived.[9]

### Delaware Rule of Evidence 106

Although Flamer has waived all of his legal arguments in this appeal by not citing any cases, in the interests of justice, we have examined Delaware Rule of Evidence 106.[10] We did that because we recognize that in a case of first impression, it is theoretically possible that the action at trial was contrary to the unambiguous text of a rule. Under those circumstances, the error may be clear and yet unprecedented, i.e., such that it would be impossible to find any supporting case law to cite.

▌ Unfortunately for Flamer, the text of Delaware Rule of Evidence 106 provides him with no basis for relief. That rule reads, as follows:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

Rule 106 codifies the common law "rule of completeness," whose purpose is "to prevent misleading impressions which often result from taking matters out of context."[11]

▌ Once a party introduces a portion of a recording or writing, the burden shifts to the other party to require the admission of all or part of the remainder of the recording or writing "which ought in fairness to be considered contemporaneously with it."[12] The party invoking the rule then bears a further burden: "[t]his rule is circumscribed by two qualifications. The portions sought to be admitted (1) must be relevant to the issues and (2) only those parts which qualify or explain the subject matter of the portion offered by the opponent need be admitted."[13]

In this case, Flamer's trial attorney made no effort to invoke Rule 106, when the judge denied his motion to suppress the recording in its entirety, or later when a portion of the recording was played to the jury. Apparently, Flamer's trial counsel was satisfied from listening to the tape recording two days before trial that the omitted portions of the telephone conversation contained nothing of value to Flamer's case such that it "ought in fairness" be considered by the jury. Flamer's failure to invoke Rule 106 at trial is fatal to his claim on appeal in the absence of plain error.

▌ The party against whom a portion of a writing or recording is admitted must first invoke Rule 106 and then convince the judge that omitted portions of the writing or recording are relevant to some issue in the case and serve to qualify or explain the admitted portion. The trial judge had no duty *sua sponte* to require the prosecutor to play omitted portions of the recorded telephone conversation be-

9. *Roca v. E.I. du Pont de Nemours*, 842 A.2d 1238, 1242–43 (Del.2004). *See also Rossitto v. State*, 298 A.2d at 777; *Murphy v. State*, 632 A.2d at 1152.

10. *Rossitto v. State*, 298 A.2d 775, 777–78 (Del.1972).

11. *Burke v. State*, 484 A.2d 490, 497 (Del. 1984). *See also Ayers v. State*, 844 A.2d 304, 311 (Del.2004); *Floudiotis v. State*, 726 A.2d 1196, 1213–14 (Del.1999).

12. D.R.E. 106.

13. *United States v. Walker*, 652 F.2d 708, 710 (7th Cir.1981). *See also Cox v. United States*, 898 A.2d 376, 381 (D.C.2006) (the rule allows a party to introduce only so much of the remaining recording or writing that is germane to a trial issue).

tween Flamer and Sellers. Accordingly, we hold that Flamer has failed to demonstrate a plain error violation of D.R.E. 106 because the record reflects no error occurred at all in the application of its provision.

### Conclusion

The judgments of the Superior Court are affirmed.