IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| REGINALD HARRIS, | § | |
| | § | No. 479, 2013 |
| Defendant-Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below:  Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 0402010364A |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted:  June 27, 2014
Decided:    July 29, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices.

## O R D E R

This 29th day of July 2014, upon consideration of the briefs of the parties and the record in this case, it appears to the Court that:

(1)    The defendant-appellant, Reginald Harris, filed this appeal from the Superior Court's denial of his second motion for postconviction relief and his motion for appointment of counsel.  Harris also challenges the Superior Court's denial of his motion for a transcript at the State's expense of a 911 call played at a June 2004 suppression hearing.  We conclude that these arguments are not fairly presented and affirm.

(2)    According to Harris, the United States Constitution provides a litigant with a right to counsel to present a postconviction petition.  Harris suggests that the

1

United States Supreme Court's holding in *Martinez v. Ryan* supports that broad proposition.[1] But that is not so.[2] To the extent that Harris asks us to innovate, go beyond what *Martinez* holds, and construct an argument he fails to make himself for expanding the circumstances where the federal Constitution requires a state government to provide counsel to a litigant, we decline to do so.

(3) Although we recognize that Harris does not have counsel, and that his point is that he needs counsel to present his postconviction petition effectively, a *pro se* litigant still has a responsibility to fully and fairly present an argument for the recognition of a new constitutional right.[3] Harris does not make any effort do so in his brief, which is merely two and a half pages long. Harris does not attempt to ground his argument in the text of the federal Constitution or any precedent, nor does Harris present a coherent argument about the duty of a state to provide a defendant with counsel for post-conviction proceedings when it has already

---

[1] ⸺ U.S. ⸺, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012).

[2] *Id.* at 1315-20 (holding that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective" but expressly declining to reach the issue of whether there is a constitutional exception to the general rule that there is no right to counsel in postconviction proceedings in such cases).

[3] *Flamer v. State*, 953 A.2d 130, 134 (Del. 2008) ("The appealing party is generally afforded the opportunity to select and frame the issues it wants to have considered on appeal. A corollary to that opportunity is a requirement that the appealing party's opening brief *fully* state the grounds for appeal, as well as the arguments *and supporting authorities* on each issue or claim of reversible error.") (emphasis in original).

discharged its duty, first recognized in *Gideon v. Wainwright*,[4] to provide trial and appellate counsel for the litigant in the direct proceedings. Thus, Harris' federal claim is waived.[5]

(4) Harris' efforts to support his argument that he has a right to counsel in a postconviction proceeding under the Delaware Constitution are even more cursory. Harris does not cite the text of our Constitution or any decision of the Delaware courts interpreting it. Harris also fails to explain the policy logic behind his argument. He has therefore not presented any reasoned basis in this appeal for us to recognize a novel right to counsel in post-conviction proceedings.

(5) This Court has consistently declined to consider state constitutional claims that the appellant has failed to support other than with conclusory allegations.[6] "The proper presentation of an alleged violation of the Delaware Constitution should include a discussion and analysis of one or more of the criteria set forth in *Jones* [*v. State,* 745 A.2d 856, 864-65 (Del. 1999)] or other applicable

---

[4] 372 U.S. 335, 344-45 (1963).

[5] *Flamer v. State*, 953 A.2d at 134 ("this Court has held that the failure of a party appellant to present and argue a legal issue in the text of an opening brief constitutes a waiver of that claim on appeal."); *see also Proctor v. Bunting*, 797 A.2d 671, 672 (Del. 2002) ("It is well established that this Court will not review a legal issue on appeal unless it is fully and fairly presented in the opening brief.").

[6] *Ortiz v. State*, 869 A.2d 285, 290-91 (Del. 2005) (noting that defendant's claim under Article I, §7 of the Delaware Constitution is waived where the defendant makes only a conclusory declaration of such violation in his opening brief).

criteria."[7] Failure to do that operates as a waiver of the claim.[8] We are not prepared to step out of our judicial role and attempt to formulate an argument for Harris. That would not be equitable to the State, which can only be reasonably expected to address those arguments that Harris in fact presented in at least a minimally adequate way, and is inconsistent with our adversarial system of justice.

(6) Similarly, Harris did not actually present the merits of any argument supporting his contentions in the summary of argument section of his opening brief that the trial court abused its discretion in denying his motion for postconviction relief (e.g., by holding that his claims were procedurally barred) or by denying his motion for a transcript at the State's expense.[9] An appellant must state the merits of an argument in his opening brief or that argument will be waived.[10] Accordingly, we will not address any of the other claims Harris raised below.[11]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

---

[7] *Monroe v. State*, 9 A.3d 476, 2010 WL 5050863, at *2 (Del. 2010) (TABLE) (citing *Ortiz*, 869 A.2d at 291, n. 4).

[8] *Id.* (citing Del. Supr. Ct. R. 14 (b)(vi)(A)(3)).

[9] Appellant's Opening Brief at 2-6. Harris' reply brief is also silent on these claims. Appellant's Reply Brief.

[10] Del. Supr. Ct. R. 14(b)(vi)(A)(3).

[11] *Sandler v. O'Shea*, 2012 WL 2870173, at *1 n.2 (Del. July 12, 2012) (declining to address a claim raised in the summary of argument but not discussed in the body of the brief); *Monroe v. State*, 2010 WL 5050863, at *2 (Del. Dec. 8, 2010) (declining to address a claim referenced in the summary of argument but not addressed in the argument section of the brief); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993) (recognizing that the failure to raise a legal issue in the text of the opening brief generally constitutes a waiver of that claim on appeal).

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice