IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NINA SHAHIN,                          :
                                      :
              Appellant,              :    C.A. No. K17A-12-004 NEP
                                      :    In and for Kent County
       v.                             :
                                      :
DOVER POLICE OFFICER DALE             :
BONEY, and STATE FARM                 :
AUTOMOBILE INSURANCE CO.,             :
                                      :
              Appellees.              :

## ORDER

Submitted: April 3, 2018
Decided: June 6, 2018

***Upon Consideration of Appellant's Appeal from the Court of Common Pleas***
**AFFIRMED**

Plaintiff-Below/Appellant Nina Shahin (hereinafter "Appellant"), appeals from an order of the Court of Common Pleas (hereinafter the "CCP"). In that order, the CCP granted denied Appellant's Court of Common Pleas Civil Rule 60(b) motion for relief. This Court finds no merit to Appellant's appeal and affirms the CCP's order.

The record reflects that on September 3, 2013, Dover Police officer Dale Boney (hereinafter "Appellee") issued Appellant a traffic citation in connection with a traffic accident in a grocery store parking lot. A year later, on September 3, 2014, Appellant filed a civil complaint against Appellee and State Farm Mutual Automobile Insurance Co. (hereinafter "State Farm") in the CCP. Appellant alleged that Appellee had wrongfully issued Appellant a traffic citation, and that State Farm had breached its insurance agreement by denying her claim for reimbursement relating to the repair of her right rear bumper, allegedly damaged in the accident.

Appellee then moved for dismissal, claiming immunity from suit pursuant to 10 *Del. C.* § 4011. The CCP agreed and on April 13, 2016, dismissed Appellant's claim against Appellee. Later, Appellant sought to join All-State Insurance Co. (hereinafter "All-State") as an additional indispensable party under Court of Common Pleas Civil Rule 19, claiming that All-State had insured the driver of the other vehicle involved in the accident, and possessed information about the details of the accident. On June 12, 2017, the CCP denied that motion, noting that Appellant's claim is related to State Farm's alleged breach of its insurance agreement with Appellant, and that All-State was not a party to that contract and has no interest in or connection to Appellant's breach of contract claim. Appellant filed a motion for reargument of that order on June 23, 2017. In a decision dated July 11, 2017, the Court denied Appellant's motion as meritless, noting that it merely repeated arguments previously made.

Appellant filed a CCP Rule 60(b) motion for relief of the CCP's July 11, 2017 order denying reargument (hereinafter the "60(b) Motion). On November 30, 2017, the CCP denied the 60(b) Motion, finding that it had properly denied the motion for reargument on its merits and that no extraordinary circumstances were alleged. The CCP explained that the 60(b) Motion merely rehashed the arguments Appellant had made in the initial motion to join All-State as an indispensable party.

Appealing that order to this Court, Appellant argues that the order is invalid because the CCP judge allegedly (1) violated Appellant's due process and equal protection rights; (2) colluded with opposing counsel to cover up misconduct; and (3) systematically harassed and intimidated Appellant and engaged in racketeering.

2

Appellant's opening brief failed to address considerations relevant to this Court's review of the CCP's exercise of discretion, electing instead to accuse the CCP judge of criminal and civil rights violations, and to recount the "systematic harassment. . . illegal incarceration, beatings and torture" allegedly suffered by Appellant at the hands of the Dover Police Department.

Motions for relief brought pursuant to Rule 60(b) are addressed to a court's sound discretion, and shall only be set aside if the appellate court finds an abuse of discretion.[1] Although not cited in Appellant's twenty-seven page opening brief, CCP Civil Rule 60 controls the disposition of a motion for relief from a decision of the CCP, setting forth six possible grounds for relief:

> (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A grant of relief under Rule 60(b) requires a showing of "extraordinary circumstances." Litigants are prohibited from using a 60(b) motion "as a substitute

---

[1] *Wife B v. Husband B*, 395 A.2d 358, 359 (Del. 1978).

for a timely-filed appeal,"[2] or using a 60(b) as a motion for reargument to "indefinitely challenge the underlying motion's precepts."[3] On appeal, the appellant has an obligation to "marshal the relevant facts and establish reversible error by demonstrating why the action at trial was contrary to either controlling precedent or persuasive decisional authority from other jurisdictions."[4] Further, "failure to cite any authority in support of a legal argument constitutes a waiver of the issue on appeal."[5]

As an initial matter, the Court will only summarily address Appellant's submitted questions for review, as they are procedurally improper. As previously indicated, Appellant's opening brief is dedicated to accusing the Dover Police Department of various crimes and civil rights violations, and complaining that "[t]here is nothing in the CCP but the endless corruption and systematic denial of justice." As indicated above, this Court's scrutiny is limited to a review of the order that has been appealed. However, Appellant has failed to cite any authority relating to Rule 60(b), much less any authority indicating that the CCP's denial of her motion constituted an abuse of discretion. The Court considers Appellant's failure to marshal relevant facts and authority to constitute waiver of the issue of abuse of discretion on appeal and necessitate affirmation of the CCP's order. Nonetheless, the Court now turns to consider whether the CCP judge abused his discretion.

This Court has reviewed Appellant's motion to join All-State as an

---

[2] *White v. State*, 919 A.2d 562 (Del. 2007).
[3] *Bryant v. Way*, 2012 WL 4086167, at *5 (Del. Super. Sept. 14, 2012).
[4] *Flamer v. State*, 953 A.2d 130, 134 (Del. 2008).

[5] *Id.*

indispensable party as well as her motion for reargument of the CCP's denial of that motion, and agrees with the CCP that the arguments presented therein are substantially identical, and that denial of the motion for reargument was not improper.[6] The Court has also reviewed Appellant's 60(b) motion and has found that Appellant did not carry her burden demonstrating extraordinary circumstances justifying relief.

Further, Appellant did not appeal the CCP's denial of her motion to join All-State or the Court's denial of reargument, but instead filed a Rule 60(b) motion as an improper substitute for a timely-filed appeal.[7] The CCP did not err or abuse its discretion in denying that motion.

**WHEREFORE**, for the foregoing reasons, the CCP' decision denying relief from judgment pursuant to Court of Common Pleas Civil Rule 60(b) is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/Noel Eason Primos
Noel Eason Primos, Judge

NEP/wjs
*Via File & ServeXpress*
oc: Prothonotary
xc: Nina Shahin
    Scott G. Wilcox, Esquire

---

[6] *Umphenour v. O'Connor*, 2011 WL 2671916, at *1 (Del. Com. Pl. July 1, 2011).
[7] *See White*, 2007 WL 604723 at *1.

5