IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NINA SHAHIN,

            Appellant,

            v.

SAM'S CLUB EAST &
SYNCHRONY BANK,

            Respondents.

:
:
:    C.A. No. K18A-01-001 NEP
:    In and for Kent County
:
:
:
:
:
:
:
:

## ORDER

Submitted:  April 3, 2018
Decided:  June 20, 2018

Plaintiff-Below/Appellant Nina Shahin (hereinafter "Ms. Shahin"), appeals from an order of the Court of Common Pleas (hereinafter "CCP"). In that order, the CCP denied Ms. Shahin's motion for reconsideration (hereinafter the "Motion for Reconsideration"). This Court finds no merit to Ms. Shahin's appeal and affirms the CCP's order. The Court shall briefly recount the facts and procedural history of this matter as reflected by the record:

In August of 2014, Ms. Shahin opened a Sam's Club-branded credit card account (hereinafter the "Account") with Synchrony Bank. On August 6, 2016, Ms. Shahin went to a Sam's Club store to purchase an Arctic Zone Oversized Trunk Organizer with Removable Cooler (hereinafter the "Trunk Organizer"), which was advertised as being on sale for $9.98, "[l]imited quantities available on all items." Upon arriving, Ms. Shahin was unable to purchase as many Trunk Organizers as she intended, apparently because the store's stock of Trunk Organizers was limited. Ms. Shahin consequently sued Sam's Club East, Inc. (hereinafter "Sam's Club").

Several days later, on August 18, 2016, several attempts were made to place

charges on the Account from a Domino's Pizza in Fruita, Colorado (hereinafter the "Attempted Charges"). Determining that the Attempted Charges indicated sufficient risk of fraud or identity theft, Synchrony Bank placed a temporary fraud restriction on the Account on August 19, 2016, so as to prevent further charges. In response to the imposed restriction, Ms. Shahin directed Synchrony Bank to close the Account, which was done pursuant to the request. Ms. Shahin sued Synchrony Bank for having placed the fraud restriction on her account.

On June 28, 2017, the CCP held a pre-trial conference by telephone, during which the CCP orally granted summary judgment to Synchrony Bank and Sam's Club. Ms. Shahin later filed a motion for access to an audio recording of the teleconference held on June 28, 2017 (hereinafter "Motion for Audio Recording"). In an order dated October 11, 2017, the CCP denied the Motion for Audio Recording, explaining that "[t]here is no rule in this Court that requires access to a party of an audio record on a case that is no longer pending."

On October 17, 2017, Ms. Shahin filed her Motion for Reconsideration of the October 11, 2017 order denying her access to the Audio Recording.[1] In the Motion for Reconsideration, Ms. Shahin accused the CCP of falsifying the transcript of the teleconference, racketeering, and official misconduct, arguing that the "falsification of transcript is considered as an act of racketeering."

---

[1] The October 11, 2017 order also denied Ms. Shahin's motion to transfer, and Ms. Shahin's Motion for Reconsideration requested reconsideration of denial of the motion to transfer. However, Ms. Shahin has represented to the Court that this appeal is only of the CCP's denial of her Motion for Reconsideration of her earlier Motion for Audio Recording—not the motion to transfer. In addition, Ms. Shahin does not address the Court's denial of reconsideration regarding the motion to transfer in her opening brief, and thus the issue would be waived in any event.

The CCP denied the Motion for Reconsideration on December 19, 2017. The CCP explained that Ms. Shahin had failed to set forth "any factual or legal mistakes made by this Court in its decision," thus falling short of the requirements of Court of Common Pleas Civil Rule 59(e). Ms. Shahin now appeals that order to this Court. Therefore, this Court's review on appeal is limited to determining "whether the trial court improperly failed to reconsider its decision and correct any legal or factual errors."[2]

On appeal, the appellant has an obligation to "marshal the relevant facts and establish reversible error by demonstrating why the action at trial was contrary to either controlling precedent or persuasive decisional authority from other jurisdictions."[3] Further, "failure to cite any authority in support of a legal argument constitutes a waiver of the issue on appeal."[4]

Despite the narrow scope of this appeal—which concerns only the CCP's denial of Ms. Shahin's Motion for Reconsideration—Ms. Shahin's opening brief recounts a lengthy and unsubstantiated history of her alleged systematic harassment by the Dover Police Department, which is not a party to this action. The opening brief also alleges that the CCP judge who presided over this matter was biased, dishonest, and professionally unqualified. All these factual allegations are improper because they are beyond the scope of the issue appealed, beyond the scope of the record,[5] and in any

---

[2] *Kostic-Lahlou v. Kostic*, 913 A.2d 570 (Table) 2006 WL 3461437 at *1 (Del. 2006) (citing and *Bowen v. E.I. duPont de Nemours & Co.*, 879 A.2d 920, 921(Del. 2005).

[3] *Flamer v. State*, 953 A.2d 130, 134 (Del. 2008).

[4] *Id.*

[5] Appeals in civil cases from the Court of Common Pleas to this Court are on the record. 10 *Del. C.* § 1326(c).

case may not be validated or rejected by a reviewing court, which is not to "make its own factual findings."[6] Rule 59(e), which controls motions for reconsideration or reargument, was never cited by Ms. Shahin in her opening brief. Nor did Ms. Shahin offer any authority interpreting Rule 59(e), or any legal argument to persuade this Court that the Motion for Reconsideration was incorrectly decided. The Court finds that Ms. Shahin's failure to marshal any relevant authority or argument in her opening brief independently warrants dismissal of the appeal.[7]

However, in the interests of justice, the Court shall additionally consider whether the Motion for Reconsideration was properly denied. A motion for reconsideration filed pursuant to Court of Common Pleas Civil Rule 59(e) will only be granted if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[8] Motions for reargument should not be used to rehash arguments already decided by the Court, or to present new arguments that were not previously raised.[9] Using a motion for reargument for either of these improper purposes "frustrate[s] the efficient use of judicial resources, place[s] the opposing party in an unfair position, and stymie[s] 'the orderly process of reaching closure on the issues.'"[10] In order for the motion to be granted, the movant must

---

[6] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[7] *Flamer*, 953 A.2d at 134–35.

[8] The cases cited by the Court hereafter are interpreting Superior Court Civil Rule 59(e); however, the language of the rules is identical, and the Court finds no reason to interpret the rules differently. *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006) (citing *Bd. of Managers of the Del. Criminal Justice Info. Sys. v. Gannet Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003)).

[9] *Tilghman v. Del. State Univ.*, 2012 WL 5551233, at *1 (Del. Super. Oct. 16, 2012).

[10] *Id.* (citing *Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004)).

"demonstrate newly discovered evidence, a change in the law, or manifest injustice."[11] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[12]

Upon review of Ms. Shahin's Motion for Reconsideration, the Court finds that Ms. Shahin merely rehashed her earlier accusations of racketeering and misconduct, and failed to carry her heavy burden by demonstrating newly discovered evidence, a change in the law, or manifest injustice. Therefore, the CCP judge did not fail to correct any legal or factual errors, and the Motion for Reconsideration was properly denied.

**WHEREFORE**, for the foregoing reasons, the CCP's decision denying reconsideration pursuant to Court of Common Pleas Civil Rule 59(e) is **AFFIRMED**.

**IT IS SO ORDERED**.

/s/Noel Eason Primos
Noel Eason Primos, Judge

NEP/wjs
*Via File & ServeXpress and U.S. Mail*
oc: Prothonotary
xc: Nina Shahin
Benjamin P. Chapple, Esquire
Jeffrey L. Moyer, Esquire
Nicole K. Pedi, Esquire

---

[11] *Brenner v. Village Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) (citing *E.I. duPont de Nemours Co. v. Admiral Ins. Co.*, 711 A.2d 45, 55 (Del. Super. 1995)).
[12] *Newborn v. Christiana Psychiatric Serv., P.A.*, 2017 WL 394096 at *2 (Del. Super. Jan. 25, 2017).