IN THE SUPREME COURT OF THE STATE OF DELAWARE

ANTHONY WOODS, § 
§ No. 389, 2020
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1304011788 (K)
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: January 8, 2021
Decided: January 28, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Anthony Woods, filed this appeal from the Superior Court's denial of his motion for sentence modification or reduction. The State has moved to affirm the judgment below on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.

(2) In 2014, Woods pleaded guilty to first-degree robbery, second-degree assault, and possession of a deadly weapon during the commission of a felony ("PDWDCF"). The Superior Court sentenced Woods as follows: for first-degree

robbery, to twenty-five years of imprisonment, suspended after five years for six months of Level IV work release, followed by eight years of Level III probation; for second-degree assault, as an habitual offender, to eight years of imprisonment; and for PDWDCF, to twenty-five years of imprisonment, suspended after two years for two years of Level III probation.

(3) On October 6, 2020, Woods filed a motion for "Modification, Deferral, Suspension or Reduction of Sentence for Serious Physical Illness, Injury or Infirmity." He invoked 11 *Del. C.* § 4221 and the Eighth Amendment and sought review of his sentence based on the effects of the COVID-19 pandemic within the prison and, in particular, because he has a chronic health condition and has contracted COVID-19 twice while incarcerated. The Superior Court denied the motion on the grounds that (i) Woods had not demonstrated extraordinary circumstances to warrant consideration of the motion more than ninety days after the sentence was imposed;[1] (ii) the sentence was consistent with the plea agreement; and (iii) the sentence includes mandatory incarceration time that cannot be reduced or suspended. This appeal followed.

---

[1] *See* DEL. SUPER. CT. CRIM. R. 35(b) ("The court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed. . . . The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217.").

2

(4)     We review the denial of a motion for sentence modification for abuse of discretion.[2]   On appeal, Woods argues that the Superior Court erred by considering the motion under Superior Court Criminal Rule 35(b), rather than under 11 *Del. C.* § 4221 or the Eighth Amendment, and by not requiring the State to respond to the motion before denying it.

(5)     We conclude that the Superior Court's order should be affirmed. Contrary to Woods's claim, 11 *Del. C.* § 4221 does not provide a basis for modification or reduction of his sentence, because that statute applies only to sentences of one year or less.[3]   On appeal, Woods has made only conclusory references to the Eighth Amendment, and his Eighth Amendment argument is therefore waived.[4]   In any event, it appears that the Eighth Amendment cases that Woods cited in his Superior Court submission involved civil litigation and not modification of a defendant's criminal sentence and therefore do not support the relief Woods seeks.  The court did not err by considering the motion under Superior

---

[2] *Gladden v. State*, 2020 WL 773290 (Del. Feb. 17, 2020).
[3] *See* 11 *Del. C.* § 4221 ("Notwithstanding any provision of law to the contrary, a court may modify, defer, suspend or reduce a minimum or mandatory sentence of 1 year or less, or a portion thereof, where the court finds by clear and convincing evidence, or by stipulation of the State, that the person to be sentenced suffers from a serious physical illness, injury or infirmity with continuing treatment needs which make incarceration inappropriate and that such person does not constitute a substantial risk to the community.").
[4] *See Flamer v. State*, 953 A.2d 130, 134 (Del. 2008) ("[T]his Court has held that the failure of a party appellant to present and argue a legal issue in the text of an opening brief constitutes a waiver of that claim on appeal.").

Court Criminal Rule 35(b) rather than under 11 *Del. C.* § 4221 or the Eighth Amendment.

(6) Superior Court Criminal Rule 35(b) provides that the court will consider a motion made more than ninety days after the imposition of sentence only in "extraordinary circumstances or pursuant to 11 *Del. C.* § 4217."[5] Section 4217 permits the Superior Court to modify a defendant's sentence if the Department of Correction ("DOC") files an application for good cause shown—including a defendant's serious medical illness or infirmity—and certifies that the defendant does not constitute a substantial risk to the community or himself.[6]

(7) Woods's contention that DOC has not acted appropriately to contain the spread of COVID-19 within the prison system does not provide a basis for relief under Superior Court Rule 35(b).[7] And if Woods's "specific individual medical condition warrant[s] sentence modification, an application by DOC under § 4217 is the proper vehicle to deliver such relief."[8]

(8) Finally, the Superior Court did not abuse its discretion by denying the motion without requiring briefing by the State. Rule 35, on its face, does not contain

---

[5] DEL. SUPER. CT. CRIM. R. 35(b).
[6] 11 *Del. C.* §4217.
[7] *See Williams v. State*, 2020 WL 7311325 (Del. Dec. 10, 2020) (affirming denial of motion for sentence modification based on a "general concern that the Department of Correction . . . was unable to contain the spread of COVID-19 in the prison population").
[8] *Id.* at *1.

4

specific briefing requirements, and Woods has not demonstrated how a State response would have altered the Superior Court's decision on the motion.[9]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[9] *Cf. Miller v. State*, 2008 WL 187957 (Del. Jan. 9, 2008) (rejecting claim that the Superior Court erred by denying motion for sentence correction without giving the defendant an opportunity to file a reply to the State's response because "Rule 35 on its face does not provide for the filing of a reply to a response to the motion" and the appellant did not demonstrate "that any reply that he would have made to the response would have altered the Superior Court's decision on the motion").