**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| VENUS MOORE, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | C.A. No. K22A-07-001 NEP |
| ) | |
| STATE EMPLOYEE BENEFITS ) | |
| COMMITTEE, ) | |
| ) | |
| Appellee. ) | |

Submitted: January 27, 2023
Decided: April 6, 2023

**<u>ORDER</u>**

***Upon Appeal from the Decision of the State Employee Benefits Committee***
**AFFIRMED**

## I.  FACTUAL AND PROCEDURAL BACKGROUND

1.     Before this Court is an appeal brought by Venus Moore (hereinafter "Moore") challenging the decision of the State Employee Benefits Committee (hereinafter the "SEBC") denying her claim for short-term disability benefits. Moore argued before the SEBC that she suffered panic attacks and anxiety due to a hostile work environment and bullying by her supervisor while employed at the Department of Health and Human Services ("DHSS").

2.     In order to be eligible for short-term disability benefits, an employee must "be mentally or physically unable to perform the essential functions of the employee's position as defined in rules and regulations" adopted by the SEBC.[1] The State of Delaware's disability insurance policy, published online on the

---

[1] 29 *Del. C.* § 5253(b)(1).

1

Department of Human Resources website, provides that a claimant is entitled to short term disability income protection if the claimant "develop[s] a Disability from a covered Injury, Sickness, or pregnancy."[2]  As relevant here, a claimant is totally disabled only when the claimant is "prevented . . . from performing the Essential Duties of [the employee's] Occupation" by, *inter alia*, an injury, sickness, or mental condition.[3]  Critically, "[o]ccupation does not mean the specific job [an employee is] performing for a specific employer or at a specific location."[4]  In other words, an employee's occupation is "the category of work she performed, not the specific job she was performing for her specific employer."[5]

3.      On December 2, 2021, The Hartford, the State's insurance provider, denied Moore's claim, concluding that "functional limitation is not supported" and that she did "not meet the Policy's definition of disability."[6]  This conclusion was based primarily on a physician's statement opining that Moore was not recommended to stop working and that she had "normal mental status exam findings except for tense affect."[7]  On a first appeal, The Hartford affirmed the denial of short-term disability, emphasizing that "we are not disputing the presence of a medical

---

[2] Delaware Department of Human Resources, Disability Insurance Program (DIP) – The Hartford, *STD Plan Booklet* at 5 (Mar. 1, 2019), https://dhr.delaware.gov/benefits/disability/documents/std-booklet.pdf?ver=0329 [hereinafter "STD Plan Booklet"].  This booklet is expressly incorporated by the regulations promulgated by the SEBC. *See* 19 Del. Admin. Code 2007-3.1 ("The Rules and Regulations contained herein are to be used in conjunction with the Short Term Disability (STD) and Long Term Disability (LTD) benefit booklets displayed on the Statewide Benefits Office website at de.gov/statewidebenefits.").  Moreover, the Court can take judicial notice "of the information found on this government site because that information can be 'accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *MidFirst Bank v. Mullane*, 2022 WL 4460810, at *5 n.35 (Del. Super. Sept. 26, 2022) (quoting D.R.E. 201(b)(2)).
[3] STD Plan Booklet at 13–14; *see also* 19 Del. Admin. Code 2007-6.3.
[4] STD Plan Booklet at 14; *see also* 19 Del. Admin. Code 2007-2.0.
[5] *Noyes v. State*, 2022 WL 1276030, at *4 (Del. Super. Apr. 28, 2022).
[6] R. at 55.  Citations to the official record refer to the revised record filed with the Prothonotary on January 13, 2023 (cited as "R. at ___").
[7] R. at 55.

condition and/or symptoms" but rather the condition's "relationship to the performance of your occupational duties . . . ."[8]

4.    On the second level of appeal, the SEBC upheld the denial of benefits, reasoning that Moore's claim "center[ed] around issues/complaints that are *specific to your employer and at a specific location*" and that the evidence indicated that she could perform the essential duties of her occupation at a different agency or employer.[9]  On the third and final level of appeal, the SEBC reiterated this conclusion, emphasizing that Moore "could perform the same job at a different location/employer" and that the documents submitted on appeal "pertained only to her workplace complaint and did not include evidence to support that she was totally disabled."[10]

5.    The one-page document filed as Moore's opening brief (which is nearly identical in written content to the opening brief filed by Moore in a related appeal of a decision of the Merit Employee Relations Board)[11] addresses none of the foregoing law or procedural history.  Instead, it is directed at the circumstances of Moore's employment with DHSS and the allegedly wrongful termination of her employment there.[12]  The opening brief does not make any reference to Moore's alleged mental conditions (anxiety and a panic disorder), nor does it identify any specific errors of fact or law committed by the SEBC in its denial of her short-term disability claim.

---

[8] R. at 79–80.

[9] R. at 325–28.

[10] R. at 407–10.

[11] *See Moore v. Merit Employee Relations Board and Delaware Department of Health and Social Services*, No. K22A-09-003 NEP.  The document is styled as a letter to the Court and does not follow the form and content requirements of Superior Court Civil Rule 107.

[12] Moore also attached twelve exhibits to her brief.  The Court cannot consider these exhibits, however, because appeals from the SEBC to this Court are on the record.  *See* 29 *Del. C.* § 5258(6) ("The Committee's final action may be appealed to the Superior Court within 30 days after it is mailed to the parties by the Committee. The appeal shall be on the record.").

## II. ANALYSIS

6.      On an appeal from the SEBC, "the Court's function is limited to determining whether the Committee's decision was free from legal error and was supported by substantial evidence."[13]   Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[14] "Absent errors of law, which are reviewed *de novo*, a decision of the SEBC supported by substantial evidence will be upheld unless the Committee abused its discretion."[15]

7.      In any appeal, the appellant "is generally afforded the opportunity to select and frame the issues it wants to have considered on appeal."[16]  However, a "corollary to that opportunity is a requirement that the appealing party's opening brief *fully* state the grounds for appeal, as well as the arguments *and supporting authorities* on each issue or claim of reversible error."[17]  While *pro se* litigants are afforded some "leeway in meeting the briefing requirements, the brief at the very least must assert an argument that is capable of review."[18]

8.      Moore's opening brief does not mention any recognized disability (e.g., an injury or mental condition), emphasizing only that she was allegedly subjected to a hostile work environment by her supervisor at DHSS.  It is only upon review of the record that the connection between the hostile work environment allegations and her short-term disability claim becomes clear—Moore's argument before the SEBC was that the alleged harassment at work was causing her panic attacks and anxiety, which in turn interfered with her ability to concentrate on work.[19]

---

[13] *Noyes*, 2022 WL 1276030, at *3.

[14] *Id.* (quoting *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).

[15] *Id.*

[16] *Flamer v. State*, 953 A.2d 130, 134 (Del. 2008).

[17] *Id.*

[18] *In re Estate of Hall*, 882 A.2d 761, 2005 WL 2473791, at *1 (Del. 2005) (TABLE).

[19] *See*, *e.g.*, R. at 154 ("I am continuing treatment due to panic attacks until I can return to work .

9. Nonetheless, Moore has failed to dispute on appeal the dispositive conclusion at both the second and third levels of SEBC appeals—that her anxiety and panic disorder was not severe enough to preclude her from performing her occupation *at another location*. The arguments in her brief to this Court relate only to her work environment in one specific location and fail to explain how the Board's conclusion—that she could perform the essential duties of her occupation at a different location under a different supervisor—is either legally erroneous or unsupported by the evidence.[20] A hostile work environment is neither a mental condition nor a disability, and it is necessarily specific to a particular location and employer.

10. The Court thus concludes that any relevant "legal issues raised by [Moore] in this appeal have been waived."[21] Insofar as what Moore actually seeks is a *de novo* review and reweighing of all the evidence (in conjunction with new evidence she attempted to introduce via her attached exhibits), that is beyond the scope of this Court's review.[22]

For the foregoing reasons, the decision of the State Employee Benefits Committee is **AFFIRMED**.

---

. . This is due to being in a hostile work environment."); *id.* at 192 (claim synopsis explaining that Moore was claiming disability "due to panic attacks and anxiety, largely related to perceived bulling [sic] at work and from her Supervisor"); *id.* at 370 (Moore's testimony to the SEBC regarding her supervisor's behavior and the anxiety it caused her).

[20] *Cf. Mossinger v. State*, 2015 WL 2379079, at *7 (Del. Super. Apr. 17, 2015) ("These statements indicate that Claimant was not prevented from doing her job duties due to a mental health problem, but instead due to her inability to get along with her supervisor at the Sussex County office." (internal footnote omitted)).

[21] *Flamer*, 953 A.2d at 134–35.

[22] *See Noyes*, 2022 WL 1276030, at *3 ("When reviewing the record for substantial evidence, the Court does not weigh the evidence, determine questions of credibility, or make its own factual findings.").

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP:tls
*Via File & ServeXpress & U.S. Mail*
oc:    Prothonotary
cc:    Venus Moore, Pro Se – *Via U.S. Mail*
       Adria B. Martinelli, Deputy Attorney General – *Via File & ServeXpress*