Jonathan STEVENS, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 437, 2009.

Supreme Court of Delaware.

Submitted: June 2, 2010.
Decided: July 22, 2010.

Nicole M. Walker, Esquire, Office of the Public Defender, Wilmington, Delaware, for appellant.

Paul R. Wallace, Esquire (argued), and John Williams, Esquire, Department of Justice, Dover, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the Court en Banc.

HOLLAND, Justice:

The defendant-appellant, Jonathan Stevens ("Stevens"), was indicted for Robbery in the First Degree and six other related

offenses. Following a jury trial in the Superior Court, Stevens was convicted of all counts in the indictment except for Possession of a Deadly Weapon During the Commission of a Felony. Stevens was declared to be a habitual offender and sentenced to be incarcerated for a total of fifty-eight years, thirty-five of which are mandatory.

In this direct appeal, Stevens argues that: "the State was erroneously permitted to present to the jury Detective Robert Roswell's ("Detective Roswell") irrelevant and unduly prejudicial opinion that Stevens was involved in other robberies; opinion as to the credibility of the State's key witnesses; characterization of the evidence; and misstatement of the evidence." The detective's statements were contained within a DVD of his interrogation of the juvenile co-defendant, Jeffrey Boyd ("Boyd"). The redacted DVD was introduced into evidence by the State, as prior statements of Boyd, under title 11, section 3507 of the Delaware Code.

This appeal is part of a trilogy of cases that were consolidated for oral argument *en Banc* because they all involved recurring problems with regard to the admission of evidence under section 3507.[1] The issue in Stevens' appeal relates to the proper redaction of third-party statements from a witness interview or interrogation before it can be admitted into evidence under section 3507. In this opinion, we review our prior precedents and provide additional guidance regarding the redaction of third-party comments that must be made as a condition precedent to admissibility under section 3507. In Stevens' appeal, we conclude that, under a plain error standard of review, the Superior Court's judgments of conviction must be affirmed.

## Statement of Facts

On the evening of August 1, 2008, Tamara Stratton ("Stratton"), Stevens, and seventeen-year old Boyd left the residence of Stratton's aunt, and rode together to where Stratton lived. During this trip, Stevens asked to borrow Stratton's pickup truck in order to go to a hotel to see someone. Stratton was dropped off at her home in Dover a little before 10 p.m. that evening. Stevens and Boyd left in her truck.

Later that evening, Xiu Zhang ("Zhang") was working as a cook at the China King restaurant in Dover when two black men wearing disguises on their faces rushed in through the restaurant's back door. According to Zhang, the shorter of the two intruders was armed with a knife, while the other man appeared to have a gun. As Zhang attempted to flee out the front door, he was chased by the person with the knife. The pursuer hit Zhang with his fists and a chair. While Zhang was being assaulted, he saw the other intruder take the store's cash register drawer.

After attacking Zhang and seizing the register drawer with $700 in cash, the two robbers ran out the back door and fled southward. Chairs, a door, and the store computer for the China King were all damaged during the robbery. Zhang was treated for his injuries at Kent General Hospital. Photographs of the injuries were introduced as evidence at Stevens' trial.

After Stratton read a newspaper article about the robbery at the China King restaurant, she telephoned the Dover Police Department on August 14, 2008. She told the police that on August 1, 2008, at around 10:00 p.m., she lent her pick-up

---

1. *See Woodlin v. State,* 3 A.3d 1084 (Del. 2010); *Blake v. State,* 3 A.3d 1077 (Del.2010).

truck to Stevens, a friend of hers. They were at her aunt's house when Stevens told her that he needed to go to a hotel to see someone. Stevens and his friend "Jeffrey" then drove Stratton home and departed in her truck.

Stratton also told police that later that same night she received a call from Stevens, who told her that her truck had ran out of gas and that he needed her to "come pick them up." She went to Governor's Avenue, where the truck was parked. When Stratton arrived at the Governor's Avenue location, she saw Stevens and Boyd behind an apartment building.

At Stevens' trial, Stratton testified that "They were setting fire to papers and what appeared to me to be a cash register." When asked at trial if Stevens said anything to her, she replied: "At the time I really didn't get any response besides everything is okay, everything is okay, basically proceed; go get your truck; you don't know anything." On cross-examination at trial, Stratton clarified her testimony about what Stevens and Boyd were burning, by explaining that the two men were not attempting to burn an entire cash register, but the "drawer to a cash register." Stratton testified that she called the police because she was afraid her truck would be linked to the robbery.

After speaking with Stratton, the police put together a line up which included Stevens' photograph. The line up was shown to Zhang, who was not able to identify the assailant. In separate photo lineups, however, Stratton identified Stevens and Boyd as the persons who borrowed her truck and whom she saw burning a cash register.

Dover Police Detective Roswell obtained warrants for the arrest of Stevens and Boyd, and on August 22, 2008, he took the

juvenile suspect, Boyd, into custody. Boyd and his mother were transported to the Dover Police station where Boyd was interviewed by Detective Roswell in the presence of his mother. Boyd waived his *Miranda* rights and the interview was recorded on a DVD.

During his recorded police interview on August 22, 2008, Boyd told Detective Roswell where he and Stevens had left the cash register drawer. Detective Roswell went to 34 South Governor's Avenue and located the black cash register drawer near the garage where Boyd said it was located. Although Boyd was arrested for the China King robbery on August 22, 2008, the Dover Police were not able to locate Stevens until October 2, 2008.

Stevens did not give a statement to police. Nor did he testify at trial. The record reflects that the defense rested at Stevens' trial without presenting any evidence.

### Section 3507 Requires Redactions

 Title 11, section 3507 of the Delaware Code provides:

(a) In a criminal prosecution, the voluntary out-of-court prior statement of a witness who is present and subject to cross-examination may be used as affirmative evidence with substantive independent testimonial value.

(b) The rule in subsection (a) of this section shall apply regardless of whether the witness' in-court testimony is consistent with the prior statement or not. The rule shall likewise apply with or without a showing of surprise by the introducing party.

The only evidence that is admissible under section 3507 is "the voluntary out-of-court statement of a witness who is present and subject to cross-examination." [2] This stat-

---

**2.** *Morgan v. State,* 922 A.2d 395, 399 (Del. 2007) (quoting Del.Code Ann. tit. 11, § 3507 (2007)).

ute must be construed narrowly in order to preserve "a defendant's constitutional rights to confront and cross-examine witnesses providing testimonial evidence."[3] Accordingly, interrogations that contain both the witness' statements and inadmissible statements by third parties must be redacted. For example, a police officer's personal opinion is generally not admissible evidence at trial and, therefore, may not be admitted as part of a witness' statement under section 3507.[4] Similarly, an expert witness may not opine on the credibility of a witness generally[5] and, therefore, such opinions are equally inadmissible as part of a section 3507 statement.[6]

At the time of Stevens' trial, the legal standard requiring the redaction of a police officer's opinions and comments was well established. More than a decade ago, this Court held that an officer's personal belief is "not admissible evidence at trial" and emphasized the importance of redacting such third-party opinions from interrogations before a witness statement under section 3507 is admitted into evidence.[7] A few years ago, this Court issued two decisions applying that legal principle in the context of third-party comments contained in statements offered into evidence under section 3507.[8] More recently, we addressed that issue again in *Waterman v. State*[9] and *Miles v. State*.[10]

Because it is the actual statement of a witness that is admissible into evidence under section 3507, we have recognized that it is best for those actual words to be in writing or recorded.[11] In *Hassan–El v. State*, we noted that if the witness statement is from an exchange with a third party, the best way to present section 3507 evidence is by a redacted recorded statement of only the declarant's words.[12] In *Miles*, we acknowledged that some questions or comments by third parties are not prejudicial and need to be included for either purposes of continuity or ease of understanding.[13] Such innocuous types of third party statements need not be redacted.[14] Conversely, in *Miles*, we held that if a third party "conveys a view (through comment or gesture) about the strength of the State's or the defendant's case, the credibility of the witness/defendant, or any disputed facts, then that comment must be redacted at the request of the defendant."[15] We have also held that the non-exclusive list of inadmissible prejudicial third-party comments includes references to criminal or other prior bad acts.[16]

In *Miles*, we also stated that "the process of redacting [a third party exchange should not] interfere with the trial, since it is a matter that can and should be resolved before the trial begins."[17] Therefore, at some reasonable time before trial, the State must provide defense counsel with

3. *Hassan–El v. State*, 911 A.2d 385, 396 (Del. 2006).

4. *Holtzman v. State*, 1998 WL 666722, at *4 (Del. July 27, 1998).

5. *Wheat v. State*, 527 A.2d 269, 275 (Del. 1987); *Powell v. State*, 527 A.2d 276, 279–80 (Del.1987).

6. *Waterman v. State*, 956 A.2d 1261, 1264 (Del.2008).

7. *Holtzman v. State*, 1998 WL 666722, at *4.

8. *See Miller v. State*, 893 A.2d 937, 951 (Del. 2006); *Hassan–El v. State*, 911 A.2d at 396.

9. *Waterman v. State*, 956 A.2d at 1264.

10. *Miles v. State*, 2009 WL 4114385, at *2 (Del. Nov. 23, 2009).

11. *Morgan v. State*, 922 A.2d at 399.

12. *Hassan–El v. State*, 911 A.2d at 398.

13. *Miles v. State*, 2009 WL 4114385, at *3.

14. *Id.*

15. *Id.*

16. *Miller v. State*, 893 A.2d at 951.

17. *Miles v. State*, 2009 WL 4114385, at *3.

the entire recorded exchange between a witness and a third party, together with a copy of its proposed redacted version of that recording that it intends to introduce under section 3507. If the parties cannot reach a stipulated agreement on the admissibility of the redacted recording and defense counsel has any objections or requests for additional redactions, they should be presented to the trial judge by filing a timely motion *in limine.*

■ Once again, we hold that any substantive comments of a third party embedded in a section 3507 statement are inadmissible under section 3507 because they are not prior statements of the witness. In that context, any alleged technical or contextual difficulties for the State in redacting inadmissible third-party comments are not relevant factors to be considered.[18] For example, in *Miller v. State,* the State argued that it did not redact a police officer's reference to an unrelated criminal act because the "jury needed to see the whole video to understand the full context of the questioning."[19] We described that argument as "specious" and "embarrassingly lacking in substance."[20] We held that the prosecutor should have stipulated to redacting the portion of the videotape where the police officer made reference to a criminal act (using marijuana) and that the trial judge should never have had to confront the question of whether that portion of the video should have been redacted after it had already been played for the jury.[21]

### Boyd's Section 3507 Statement

■ At Stevens' trial, co-defendant Boyd admitted that on January 21, 2009, he pled guilty to three charges involving

the China King robbery: Robbery in the First Degree; Possession of a Firearm During the Commission of a Felony; and Conspiracy in the Second Degree. When Boyd testified at Stevens' May 2009 jury trial, he was serving a six year prison sentence for these convictions. Boyd testified as a prosecution witness on the second day of Stevens' jury trial.

Boyd's direct trial testimony was interrupted by the State in order to summon Detective Roswell as a witness to lay the foundation for admission under section 3507 of Boyd's prior out-of-court statement to Detective Roswell.[22] Detective Roswell identified a DVD copy of his August 22, 2008 interview of Boyd. After defense counsel for Stevens advised that he had no cross-examination questions for Detective Roswell, the trial judge granted the State's request to play the DVD of Boyd's 2008 out-of-court statement.

The trial judge asked the prosecutor about "the approximate length of the tape." The prosecutor replied that "the whole statement lasted a little over an hour, but it's been somewhat edited." The edited or redacted version to be played for Stevens' jury was 45 to 50 minutes. The State began playing the Boyd DVD statement at 10:39 a.m.

Approximately thirty-five minutes later, the DVD was stopped at 11:14 a.m.—the point where a portion of Boyd's interrogation which was played for the jury contained Detective Roswell's opinion that Stevens and Boyd engaged in "some other robberies:"

> Detective: I think you guys have done some other ones. I think he's brought you along for some other ones. Some other robberies in particular. I want

---

18. *Miles v. State,* 2009 WL 4114385.

19. *Miller v. State,* 893 A.2d at 951 n. 49.

20. *Id.*

21. *Id.* at 951.

22. *See* Del.Code Ann. tit. 11, § 3507 (2007).

to give you an opportunity to tell me about that. What else he's done in particular—Jonathan. Ok?

I'm actually pretty sure you guys have done some more stuff.

Boyd: Oh nah, to be honest with you, I haven't.

Detective: What else has he done?

Boyd: Only thing I know about is when he had the truck.

When this portion of the interrogation was played for the jury, Stevens' defense counsel objected on the basis that the dialogue was irrelevant. The trial judge conducted a sidebar conference to consider the defense objection. Both the trial judge and the prosecutor agreed that Detective Roswell's opinion was irrelevant. Nevertheless, the prosecutor argued that because Boyd denied being involved in any other robberies, the statement by Detective Roswell was not prejudicial. The trial judge rejected that argument and suggested that a curative instruction was appropriate.

In response to that suggested ruling by the trial judge, the prosecutor represented that the only information he wanted from the rest of the interrogation by Detective Roswell was that Stevens had a knife in the truck and that Boyd said, "I was not going to do it, but just thought I might as well." The prosecutor stated, "[e]verything after that is an attempt to see if there is anything else that they have done, and that's all out." The prosecutor also told the court that he redacted Boyd's assertion that he was aware that Stevens was involved in an incident where he had a gun and weed in his truck.

Based on the prosecutor's representations, Stevens' defense counsel indicated

that "[s]ince [the prosecutor] is saying that that's been redacted, that's fine." Stevens' trial attorney withdrew his objection and indicated that a curative jury instruction by the trial judge would not be necessary. At the end of the sidebar conference, the trial judge asked defense counsel, "Are you okay with what's left?" and Stevens' attorney replied, "Yes." At 11:18 a.m., the remainder of Boyd's redacted statement was played for Stevens' jury. When the DVD was completed, Boyd's direct examination at trial continued, followed by cross-examination by Stevens' attorney.

On appeal, Stevens argues that the Superior Court committed plain error when it failed to issue a curative instruction or declare a mistrial, because remaining portions of the DVD statement of Boyd heard by the jury contained improper statements by the interviewing police officer. Stevens contends that unredacted parts of Boyd's DVD statement contain Detective Roswell's "opinion that Stevens was involved in other robberies; opinion as to the credibility of the State's key witnesses; characterization of the evidence; and misstatement of the evidence."

 The record reflects at Stevens' jury trial there was no defense request for curative instructions, for the trial judge to declare a mistrial, or for further redactions in Boyd's recorded statements in the DVD that was played for the jury. Since the issues raised by Stevens on appeal were not presented to the trial judge, these objections may be reviewed only for plain error.[23] "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[24] In demonstrating

**23.** Supr. Ct. R. 8; D.R.E. 103(d); *Morgan v. State,* 962 A.2d 248, 254 (Del.2008); *Flamer v. State,* 953 A.2d 130, 133 (Del.2008); *Brown v. State,* 897 A.2d 748, 753 (Del.2006); *Keyser v. State,* 893 A.2d 956, 960 (Del.2006).

**24.** *Wainwright v. State,* 504 A.2d 1096, 1100

that an unobjected to error is prejudicial, the burden of persuasion is on the defendant.[25]

To this Court, Stevens argues that Detective Roswell's opinions and comments were not only irrelevant but were highly prejudicial. Stevens asserts that the prosecutor's argument that there was no prejudice because Boyd denied involvement in other crimes is without merit. Stevens makes that assertion because Boyd never denied that Stevens was involved in any other robberies and the jury was permitted to hear that Stevens was involved in a prior incident involving a truck. Thus, Stevens contends, the jury "could conclude that he committed a robbery involving a truck and the only thing the prosecutor could have hoped for by failing to redact this portion of the video is that the jury would consider the police officer's suggestion as true and view [Stevens] in a bad light."[26]

According to Stevens, permitting the jury to hear the improper remarks and questions by Detective Roswell violated the limitations on the admission of prior our-of-court statements of a trial witness under title 11, section 3507 as interpreted by this Court in *Hassan–El v. State*,[27] and other decisions.[28] Stevens argues that it is apparent from the face of the record that the trial judge's failure either to issue a curative instruction or declare a mistrial based on the admission of Detective Roswell's opinion statements, was plain error. The plain error standard of appellate review is predicated upon a defense counsel's

failure to object to the admission of improper evidence through oversight.[29]

In Stevens' case, the record reflects that his trial attorney initially objected to the admission of Detective Roswell's personal opinion embedded in the 3507 statement. After the sidebar conference, however, counsel withdrew that objection, never moved for a mistrial and specifically declined the trial judge's offer to give a curative instruction. Consequently, there was no oversight by Stevens' defense attorney.

Stevens also asserts that the remaining portion of the interrogation played for the jury included the following inadmissible statement by Detective Roswell, which was admitted without objection:

> You haven't been with him on anything else? Here's the thing, now's the time to let me know about it because the way things work with cases and what not, we can get everything over and done with today. What you don't need to have happen is take care of this today then the next thing you know, couple weeks from now, something else pops up.

Stevens opening brief then makes the following argument:

> The record in our case reveals that the trial court was aware of the inadmissibility of at least one set of comments by the officer—those expressing his opinion that Stevens was engaged in other robberies. The record also reveals that, despite defense counsel's initial objection and the prosecutor's representation, fur-

---

(Del.1986) (citation omitted); *see also Morgan v. State*, 962 A.2d at 254; *Keyser v. State*, 893 A.2d at 959.

**25.** *See Wright v. State*, 980 A.2d 1020, 1023–24 (Del.2009); *Morgan v. State*, 962 A.2d at 254.

**26.** *See Miller v. State*, 893 A.2d 937, 951 n. 49 (Del.2006).

**27.** *Hassan–El v. State*, 911 A.2d 385, 396 (Del. 2006).

**28.** *See Miller v. State*, 893 A.2d at 951; *Miles v. State*, 2009 WL 4114385, at *2 (Del. Nov. 23, 2009); *Morgan v. State*, 922 A.2d 395, 399–400 (Del.2007).

**29.** *Wright v. State*, 980 A.2d at 1023–24.

ther inadmissible comments about other robberies were presented to the jury. Yet, the trial judge did nothing.

Stevens' appellate assertions of plain error disregard his trial attorney's initial decision not to move for a mistrial and not to accept the trial judge's offer of a curative instruction, and counsel's subsequent failure to object to the later statements by Detective Roswell. Those actions preclude plain error review. We hold that Stevens' trial attorney's initial decision not to move for a mistrial or to accept the trial judge's offer of a curative jury instruction, and counsel's failure to object to Detective Roswell's subsequent statements, all preclude any review for plain error in this direct appeal.

Our prior precedents indicate that Detective Roswell's reference to other robberies, although not subject to review for plain error, was nevertheless inadmissible as part of Boyd's section 3507 statement. The record does not reflect why Stevens' trial counsel did not accept the trial judge's offer of a curative instruction and/or move for a mistrial, especially since Stevens was on trial for allegedly committing a robbery. The propriety of that trial strategy can be analyzed when the record is more developed if Stevens elects to file a Rule 61 [30] motion for post-conviction relief.

In Stevens' case, the State should have redacted the objectionable comments *sua sponte*.[31] When he discovered that that had not been done, the defense attorney should have filed a motion *in limine* to exclude them. As we observed in *Miller*, the trial judge should not have been confronted with the inadmissible prejudicial comments by a third party, especially as in this case, after the videotape had already been played before the jury.[32]

In *Miller*, we concluded that the prosecutor's failure to redact the police officer's inadmissible reference to prior criminal acts created the risk that the defendant's conviction would be overturned and, since its inadmissibility was so clear, resulted in an unnecessary expenditure of judicial, prosecutorial and defense resources.[33] Nevertheless, the same impropriety was repeated in Stevens' case. With the guidance provided by this opinion, it should not happen again.

### Conclusion

The judgments of the Superior Court are affirmed.

---

**30.** Super. Ct.Crim. R. 61.

**31.** *Miller v. State,* 893 A.2d at 951.

**32.** *Miller v. State,* 893 A.2d at 951.

**33.** *Id.* at 951–52; *see also id.* at 951 n. 51.