## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | : | ID. No. 0808022374 |
| | : | In and for Kent County |
| v. | : | |
| | : | |
| | : | RK08-10-0891-01 |
| | : | RK08-10-0892-01 |
| JONATHAN L. STEVENS | : | RK08-10-0894-01 |
| | : | RK08-10-0895-01 |
| Defendant. | : | RK08-10-0896-01 |
| | : | RK08-10-0897-01 |

## ORDER

Submitted: August 9, 2017
Decided: October 6, 2017

On this 6th day of October, 2017, having considered Defendant Jonathan Stevens' (hereinafter "Mr. Stevens'") appeal from the Commissioner's Findings of Fact and Recommendations Report (hereinafter "Commissioner's Report") pertaining to his amended motion for post-conviction relief, the State's answer to Mr. Stevens' motion, the trial and supplemental record, and the Commissioner's Report, it appears that:

(1)     On May 21, 2009, a jury convicted Mr. Stevens of Robbery in the First Degree and Possession of a Firearm During the Commission of a Felony as well as multiple other offenses.[1]  On July 14, 2009, the Court found Mr. Stevens to be a habitual offender and sentenced him, *inter alia,* to 58 years in prison.  The Delaware Supreme Court affirmed this conviction on July 22, 2010.[2]  Mr. Stevens then filed a timely motion for post-conviction relief on September 7, 2010.  The

---

[1] For a detailed description of the crime see the Delaware Supreme Court's decision on direct appeal in *Stevens v. State*, 3 A.3d 1070 (Del. 2010).

[2] *Id.*

Superior Court, adopting the Commissioner's Report, denied his motion on January 30, 2013. Mr. Stevens appealed this decision to the Delaware Supreme Court on June 28, 2013.

(2)     The Supreme Court, on September 10, 2013, reversed and remanded the Superior Court's decision instructing the Court to appoint counsel for Mr. Stevens' motion. The Court appointed counsel on April 14, 2014, and his counsel filed an amended motion for post-conviction relief on May 15, 2015. The Commissioner reviewed Mr. Stevens' amended motion and recommended denying his request. Mr. Stevens then filed an appeal from the Commissioner's Report. In this Order, the Court addresses the amended motion and also the written objections raised by the Defendant to the Commissioner's Report. The Court largely adopts the reasoning in the Commissioner's Report and provides further explanation necessary to address the Defendant's objections to that Report.

(3)     In Mr. Stevens' amended motion, he argues that his trial counsel was ineffective for failing to object, review, or request a curative instruction in relation to the admission of Co-Defendant Jeffery Boyd's (hereinafter "Mr. Boyd's") statement offered pursuant to 11 *Del. C.* §3507 (hereinafter "3507 Statement"). Second, he argues that the State's failure to redact the 3507 Statement amounts to prosecutorial misconduct in violation of Mr. Stevens' due process rights. In his third argument for relief, he maintains that the State committed a *Brady* violation by failing to disclose its witness, Tamara Stratton's (hereinafter "Ms. Stratton's") criminal conviction. In his fourth argument, he maintains that he was denied a fair trial due to cumulative due process errors committed during trial. Finally, Mr. Stevens requests an evidentiary hearing to fully develop the factual record regarding the claims raised in his motion. For the reasons set forth below, the Court finds that Mr. Stevens is not entitled to an evidentiary hearing and is not entitled to a new trial.

2

(4)     Before addressing the merits of Mr. Stevens' claims, the Court must first address whether his motion is procedurally barred, applying the version of the Rule in effect at the time of filing his *pro se* motion.[3]  Rule 61 requires claims for relief to be filed within one year of the conviction becoming final.[4]  Here, Mr. Stevens' conviction became final on July 22, 2010 when the Delaware Supreme Court affirmed it.  Mr. Stevens filed his *pro se* motion on September 7, 2010. Accordingly, he timely filed his motion.

(5)     However, the third procedural bar in Rule 61 states that grounds for relief not asserted in the proceedings leading to a judgment of conviction are thereafter barred unless the movant demonstrates: (1) cause for relief from the procedural default; and (2) prejudice from a violation of the movant's rights.[5]  Mr. Stevens claims for relief are all based on arguments that were not asserted at trial, and therefore, this procedural bar applies unless he can show a cause for relief and prejudice.  Furthermore, Rule 61(i)(5) dictates that the procedural bars are inapplicable "to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[6]

(6)     Here, Mr. Stevens' four claims are premised, to some extent, on allegations of ineffective assistance of counsel.[7]  Ineffective assistance of counsel is sufficient cause for not having asserted these grounds for relief at trial and on direct appeal.  Accordingly, these claims are not subject to the procedural default rule in part because the Delaware Supreme Court will not generally hear these

---

[3] *Redden v. State*, 150 A.3d 768, 772 (Del. 2016).

[4] Super. Ct. Crim. R. 61(i)(1).

[5] *Id.* at 61(i)(3).

[6] Rule 61(i)(5).

[7] One of the four claims involves allegations of prosecutorial misconduct regarding the same evidentiary error as is the subject of an ineffective assistance of counsel claim.

3

claims on direct appeal. Additionally, a successful ineffective assistance of counsel argument "that demonstrates a constitutional violation may be considered an exception under Rule 61(i)(5)."[8] However, Mr. Stevens must still meet the standard set forth in *Strickland v. Washington*,[9] and adopted by the Delaware Supreme Court in *Albury v. State*,[10] in order to succeed in his ineffective assistance of counsel claims.

(7) In order to prevail on an ineffective assistance of counsel claim, *Strickland* requires the defendant to first

> show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.[11]

(8) Mr. Stevens' first claim in his amended motion is that his trial counsel provided ineffective assistance of counsel by failing to object to the admission of Mr. Boyd's 3507 Statement. He argues that the State did not provide an adequate foundation of admissibility because Mr. Boyd did not testify regarding the truthfulness of his out-of-court statement. According to Mr. Stevens, without the proper foundation, the trial court should not have admitted the statement. Therefore, by failing to object to its admission, trial counsel provided ineffective assistance.

---

[8] *State v. Flowers*, 150 A.3d 276, 282 (Del. 2016).

[9] 466 U.S. 668, 687 (1984).

[10] 551 A.2d 53, 58 (1988).

[11] *Strickland*, 466 U.S. at 687.

4

(9)     The Delaware Supreme Court set forth the foundation that a party must lay prior to the admission of a 3507 Statement.  In *Keys v. State*, the Court held that "[i]n order to offer the out-of-court statement of a witness, the statute requires the direct examination of the declarant by the party offering the statement, as to both the events perceived or heard and the out-of-court statement itself."[12]  The Court has interpreted this to require a two-part foundation: the witness must testif[y] about both the events and whether or not they are true."[13]

(10)    At trial, the State's foundation for Mr. Boyd's statement included asking him whether he answered the detective's questions relating to a robbery at the China King in Dover.  Additionally, Mr. Boyd testified that he pled guilty to the robbery and two other related charges[14] and he stated that he discussed the China King robbery with the detective.[15]  The State also asked Mr. Boyd whether he answered the detective's questions to the best of his ability at that time, to which Mr. Boyd responded "at that time."[16]  The State went on to ask Mr. Boyd whether he responded to the detective's questions "[f]reely? I mean nobody was forcing you; you weren't threatened; nobody beat you into answering the questions? You were in the room with your mother and detective?" Mr. Boyd responded "[y]eah, that's right."[17]

(11)    The Court finds that this testimony satisfied the foundation required for admissibility of the 3507 Statement.  Mr. Boyd first testified about the events. While testifying, he discussed his involvement in the crime through discussing his plea agreement.   He also testified that he discussed the crime with the

---

[12] 337 A.2d 18, 20 n.1 (Del. 1975).

[13] *E.g., Ray v. State*, 587 A.2d 439, 443 (Del. 1991).

[14] *Id.* at B-5–B-8.

[15] *Id.* at B-8–B-11.

[16] Trial Transcript at B-10.

[17] *Id.*

investigating detective. This is sufficient to meet the first part of the foundational requirement that the witness testify about the events.

(12) Additionally, the State laid a proper foundation with regard to the truthfulness of this statement.[18] Mr. Boyd testified that he answered the detective's questions regarding the robbery to the best of his ability at the time. Implicit in this statement is that Mr. Boyd answered the questions truthfully. Accordingly, the State satisfied the second part of the foundational requirement. As the State met both foundational aspects for admission of a 3507 Statement, Mr. Boyd's out-of-court statement was admissible, and Mr. Stevens' trial counsel did not provide ineffective assistance of counsel by failing to object to this foundation. His trial counsel was not deficient in this regard, and Mr. Stevens' first argument for relief is without merit.

(13) Mr. Stevens next argues that his trial counsel was ineffective for failing to review Mr. Boyd's 3507 Statement prior to the State playing it at trial. When the State played the recorded 3507 Statement to the jury, a portion of the tape included statements by the detective that were clearly irrelevant and should have been redacted. However, because Mr. Stevens' trial counsel did not review the tape prior to trial, these statements were played before the jury. Mr. Stevens

---

[18] While the Court finds that the State laid a proper foundation as to the truthfulness of the prior statement, it is not clear whether the State was required to do so. In *State v. Flowers*, the Delaware Supreme Court distinguished "between the right of a defendant's attorney to insist that the State established both foundational requirements prior to the admission of a Section 3507 statement into evidence and *the right of a defendant's attorney to make a professional judgment* not to object if the second foundation requirement is not established by the State." 150 A.3d 276, 280 (Del. 2016)(emphasis added). The Delaware Supreme Court determined that when an attorney does not object to the truthfulness foundation based on his or her professional judgment, such a foundation is not required. *Id.* at 281. Here, trial counsel did not object to the foundation and therefore it is possible that the failure to object rendered this foundational requirement unnecessary. Additionally, the Delaware Supreme Court has explained that "there is no requirement that the witness either affirm the truthfulness of the out-of-court statement, or offer consistent trial testimony." *Moore v. State*, 655 A.2d 308, 1995 WL 67104, at *2 (Del. Feb. 17, 1995) (Table).

6

argues that the portion of the tape that the State should have redacted was highly prejudicial and therefore his failure to review the tape fell below the objective standard of reasonableness and amounted to ineffective assistance of counsel.

(14) The portion of the tape at issue includes the detective stating that he thinks "you guys have done some other ones. I think he's brought you along for some other ones."[19] When Mr. Boyd responded with "[w]hat do you mean other ones," the detective clarified by saying "[s]ome other robberies in particular."[20] Mr. Boyd did not provide an answer and the detective followed up saying "I'm actually pretty sure you guys have done some more stuff."[21] Mr. Boyd denied this allegation saying "[o]h nah. Be honest with you I haven't."[22] The detective then asked Mr. Boyd "[w]hat else has he done" to which Mr. Boyd responded "[o]nly thing I know about is when he had the truck."[23] At this point, Mr. Stevens' trial counsel objected. During a side bar discussion, the parties agreed that this exchange was irrelevant and should not have been included. However, once the State represented that there was no further irrelevant testimony, trial counsel withdrew his objection. The judge asked whether counsel wanted a curative instruction. Mr. Stevens' trial counsel declined the offer.

(15) The Delaware Supreme Court has made it clear that only "the voluntary out-of-court statement of a witness who is present and subject to cross-examination" is admissible at trial.[24] The Delaware Supreme Court determined that "interrogations that contain both the witness' statements and inadmissible

---

[19] Mr. Stevens' amended motion for post-conviction relief at 13.

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Stevens v. State*, 3 A.3d 1070, 1072 (Del. 2010).

7

statements by third parties must be redacted."[25]  Such redactions must occur prior to trial.[26]  During Mr. Stevens' direct appeal, the Supreme Court determined that the portion of the interview regarding the detective's beliefs that the two were involved in prior robberies was not admissible and should have been redacted.[27]

(16)   Here, it is clear that (1) the State should have redacted this portion of the interrogation and that (2) Mr. Stevens' trial counsel should have ensured that such redactions were done prior to trial to avoid the jury hearing inadmissible portions of the statement.  Mr. Stevens' trial counsel admitted that he did not review the 3507 Statement prior to the State playing it at trial.  Given the Delaware Supreme Court's clear guidance on this issue prior to Mr. Stevens' initial trial, his counsel's failure to review the statement prior to its admission was deficient. However, this deficient performance did not prejudice Mr. Stevens sufficiently to warrant a new trial.

(17)   In order to satisfy the second prong of *Strickland*, Mr. Stevens must show that the errors were so serious as to deprive the defendant of a fair trial.[28]  In this regard, Mr. Stevens must show that the error had an effect on the judgment.[29] Accordingly, the Court must determine "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."[30]

(18)   While the statement implied that Mr. Stevens committed prior robberies and was therefore prejudicial in that it could cause the jury to infer that he has the propensity to commit robberies, this inadmissible statement does not

---

[25] *Id.* at 1073.

[26] *Miles v. State*, 985 A.2d 390, 2009 WL 4114385, at *3 (Del. Nov. 29, 2009) (Table).

[27] *Stevens*, 3 A.3d at 1077.

[28] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[29] *Id.* at 691.

[30] *Id.* at 695.

8

meet the standard of prejudice required by *Strickland*. Without this inadmissible portion of the 3507 Statement, there was significant evidence for the jury to find Mr. Stevens guilty beyond a reasonable doubt. As discussed above, Mr. Boyd's 3507 Statement was admissible as the State laid a proper foundation (though the detective's statements and questions regarding prior robberies should have been redacted). The section of the statement where Mr. Boyd implicated Mr. Stevens in the robbery was admissible, however. Accordingly, this was evidence for the jury to consider.

(19) Additionally, the State had the victim testify at trial, and the victim identified Mr. Stevens as the person who committed the robbery and the assault. While Mr. Stevens' trial counsel, on cross examination, established that the victim was unable to identify Mr. Stevens in a photo array two weeks after the robbery occurred, the jury was still able to consider the victim's testimony that Mr. Stevens was the person who robbed and assaulted him. Finally, Tamara Stratton, who lent Mr. Stevens and his co-Defendant her truck, testified that the same night of the robbery, she saw Mr. Stevens burning the cash register drawer taken from the victims. The burnt drawer was recovered from the area she described to the police. With these State witnesses convincingly implicating Mr. Stevens in the robbery and assault, the absence of the offending portion of Mr. Boyd's 3507 Statement would not make it reasonably probable that the trier of fact would have had reasonable doubt as to Mr. Stevens' guilt. Accordingly, he is unable to satisfy the second prong of *Strickland*, and his claim for ineffective assistance of counsel for failing to review Mr. Boyd's 3507 Statement prior to trial is without merit.

(20) Next, Mr. Stevens argues that his trial counsel provided ineffective assistance of counsel because he did not request a curative jury instruction upon hearing the inadmissible section of Mr. Boyd's 3507 Statement. Mr. Stevens argues that because all parties determined that this statement was inadmissible and prejudicial during the side bar conference, his failure to accept the curative

9

jury instruction was unreasonable. Mr. Stevens further argues that the decision to not seek an instruction to avoid drawing more attention to the statement should not be given deference because it allowed the jury to consider an improper statement that was highly prejudicial. Additionally, Mr. Stevens argues that by withdrawing his objection, Mr. Stevens was not able to raise this issue on appeal thus depriving him of a fair appellate ruling on the issue.

(21) Under the first prong of *Strickland*, it is not clear that his trial counsel's decision was deficient. In order to satisfy this prong of *Strickland*, Mr. Stevens must show that his counsel's performance was not reasonable "considering all of the circumstances."[31] In making this decision, a court reviewing "counsel's performance must be highly deferential."[32] There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" meaning that there is a strong presumption that a lawyer's conduct is a part of a "sound trial strategy."[33]

(22) As noted above, this section of the interrogation was inadmissible and prejudicial in that it was impermissible character evidence. However, as soon as the State played the inadmissible section of Mr. Boyd's 3507 Statement, Mr. Stevens' trial counsel objected. In his affidavit, trial counsel stated that he objected to "stop the playing of the tape." He further noted that at first he agreed with the trial judge's offer of an instruction. However, "upon further reflection, [he] concluded that [he] would rather not have an instruction given because [he] did not want to call any more attention to the comment than had already been made, and especially in light of Co-Defendant Boyd's response."

---

[31] *Id.* at 688.

[32] *Id.* at 689.

[33] *Id.*

10

(23)  Given the strong presumption that a lawyer's conduct falls within sound trial strategy, the Court finds that his decision to decline a curative instruction was not unreasonable.  The record reflects that trial counsel considered the jury instruction and the circumstances of the statement in the context of the overall case.  Not wanting to draw attention to the statement of a police officer implying that Mr. Stevens had committed other robberies was a judgment call by an experienced attorney.  The record reflects that this was part of a sound trial strategy and therefore was not unreasonable performance.  Accordingly, Mr. Stevens' ineffective assistance of counsel claim on that basis is also without merit.

(24)  Even if the failure to accept a curative instruction amounted to deficient performance, Mr. Stevens' claim would still fail because of insufficient prejudice in the context of the overall evidence.  As discussed above, the absence of this statement would not have created reasonable doubt with the jury regarding Mr. Stevens' guilt.  Accordingly, he would not be able to meet the second prong of *Strickland*, and his claim would still fail.

(25)  In Mr. Stevens' second claim, he argues that the State's failure to redact Mr. Boyd's 3507 Statement amounted to prosecutorial misconduct and violated his Fourteenth Amendment right to due process.  Mr. Stevens' claim again focuses on the section of Mr. Boyd's statement that discussed prior robberies.  He claims that the failure to redact this portion of Mr. Boyd's statement amounted to a violation of his Federal and State constitutional right to a fair trial.

(26)  Mr. Stevens did not present this claim to the court during trial or on direct appeal.  Accordingly, it is procedurally barred unless he can show cause for failing to present this argument previously and prejudice.[34]  Additionally, this procedural bar will not apply if Mr. Stevens presents a "colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined

---

[34] Super. Ct. Crim. R. 61(i)(3).

11

the fundamental legality, reliability, integrity, or fairness of the proceedings leading to the judgment of conviction."[35]

(27) Here, Mr. Stevens correctly argues that the claim was not raised at trial or on direct appeal because of a deficient action of trial counsel. However, as noted above Mr. Stevens is unable to establish prejudice for the ineffective assistance of counsel claim relating to the redaction of the 3507 Statement. Accordingly, he can only proceed on this claim if he can satisfy Rule 61(i)(5). Notably, this is a colorable claim because on direct appeal the Delaware Supreme Court established that the State should have redacted this section of the statement. The State's failure to do so could have impinged on Mr. Stevens' federal and state constitutional right to a fair trial. As a consequence, the claim is not procedurally barred.

(28) As the claim is not procedurally barred, Mr. Stevens must show that he is entitled to relief based on this prosecutorial misconduct. As noted above, the State clearly should have redacted this portion of the 3507 Statement. Mandatory case authority required this, and that authority predated Mr. Stevens' trial. Accordingly, it was misconduct for the State to not have redacted this section of the statement. However, under the circumstances of this case, the Court declines to overturn Mr. Stevens' conviction.

(29) The Delaware Supreme Court has addressed prosecutorial misconduct and established a test for determining when such actions require a Court to overturn a conviction on the basis of that misconduct.[36] In reviewing a claim of prosecutorial misconduct, the Court must consider whether the

---

[35] *Id.* at 61(i)(5).

[36] *See Hughes v. State*, 437 A.2d 559, 571 (Del. 1981). While the Court in *Hughes* confronted prosecutorial comments that amounted to prosecutorial misconduct, the Court does not see any reason why the same test should not apply in this context.

misconduct "prejudicially affected substantial rights of the accused."[37] The Court is to consider: (1) "the closeness of the case;" (2) "the centrality of the issue affected by the (alleged) error;" and (3) "the steps taken to mitigate the effects of the error."[38]

(30)  Here, as already discussed above, the Court does not think that this was a close case.  While it is true that there was no physical evidence other than the recovered cash register drawer linking Mr. Stevens to the crime, his co-defendant admitted to his part in the crime and implicated Mr. Stevens as also being involved.  The victim also identified Mr. Stevens in court as the perpetrator of the robbery and assault.  A separate  witness testified that (1) she saw Mr. Stevens burning the cash register drawer on the night of the robbery, and (2) that Mr. Stevens and Mr. Boyd, who admitted his participation in the crimes, together borrowed her truck on the night of the robbery. Also, while the jury learned that the victim was unable to identify Mr. Stevens in a photo array two weeks after the robbery occurred, he unequivocally identified him at trial and explained why he was unable to identify him in the photo array.  Accordingly, the jury was able to rely on three witnesses who convincingly implicated Mr. Stevens in the crime. There was significant direct and circumstantial evidence of his guilt.  For these reasons, the Court does not find that this was a close case.

(31)  With regard to the factor requiring evaluation of the misconduct's effect on the issues central to the case, there is certainly risk of that given the fact that the detective's inadmissible statements included impermissible character evidence.  On the other hand, the 3507 declarant's denial of the interrogating detective's suggestions regarding other potential robberies somewhat lessens such evidence from being considered central to the case.

---

[37] *Id.*

[38] *Id.*

(32)   With regard to the final factor to consider, the Court notes that little was done to mitigate the effect of this error.   While trial counsel objected immediately to stop the tape from being played, the Court, at counsel's request, did not instruct the jury regarding this statement.   Nevertheless, despite the fact that little was done to mitigate this error, on balance, this prosecutorial misconduct did not prejudice Mr. Stevens' right to a fair trial.  This was not a close case and when weighing the three required factors in their totality, the Court finds that Mr. Stevens does not establish that this prosecutorial misconduct requires post-conviction relief.

(33)   Mr. Stevens' third claim for post-conviction relief asserts that the State committed a *Brady* violation by failing to disclose Tamara Stratton's criminal conviction for shoplifting in 2000.   Mr. Stevens argues that this amounted to a violation of his due process rights under both the Federal and State constitutions.

(34)   The Court must first determine whether the State committed a *Brady* violation and then, if there was a violation, whether such an error requires post-conviction relief.   To determine whether there is a *Brady* violation, the Court performs a three prong analysis.[39]   The Court must determine whether: "(1) evidence exists that is favorable to the accused, because it is either exculpatory or impeaching; (2) that evidence is suppressed by the State; and (3) its suppression prejudices the defendant."[40]

(35)   Here, the information regarding Ms. Stratton's criminal conviction for shoplifting in 2000 would be evidence that is favorable to Mr. Stevens for purposes of impeachment.  A criminal conviction for shoplifting that is nine years old at the time of trial was admissible because this misdemeanor charge involves

---

[39] *Starling v. State*, 882 A.2d 747, 756 (Del. 2005).

[40] *Id.*

14

dishonesty. Accordingly, this information could have been used to impeach her. Furthermore, there is no evidence of record that would indicate that the State disclosed this information to Mr. Stevens. Accordingly, it is likely that this evidence was suppressed by the State.[41]

(36)  Mr. Stevens must show that he suffered prejudice from the State's failure to disclose this evidence. Mr. Stevens argues that this evidence would have impacted the credibility of Ms. Stratton's testimony and made the jury less likely to believe her. He also contends that she was a key witness of the State. Therefore, without this evidence, he suffered prejudice. Namely, using this evidence to attack her credibility would have made it more likely that the jury would not find her less credible. As the Court finds that there is arguably a *Brady* violation, post-conviction relief is not procedurally barred by Rule 61.[42] Accordingly, the Court will consider its merits.

(37)  Assuming that this did amount to a *Brady* violation, it does not amount to grounds for post-conviction relief. In order for a *Brady* violation to warrant post-conviction relief, the evidence suppressed must undermine the confidence in the verdict.[43] The Court finds here that the failure to disclose Ms. Stratton's prior shoplifting conviction does not undermine the Court's confidence in the verdict. As already discussed, this was not a close case. Accordingly, impeaching Ms. Stratton with a prior shoplifting conviction from nine years earlier would not have impacted this verdict. Accordingly, Mr. Stevens is not entitled to post-conviction relief on this claim.

---

[41] Consistent with the Court's finding that an evidentiary hearing is not necessary, as with the other asserted errors, the Court assumes that the *Brady* material was not given to the Defense. Accordingly, no further evidence is necessary.

[42] *E.g., Jackson v. State*, 770 A.2d 506, 514 (Del. 2001).

[43] *Id.* at 514–15.

(38)  Mr. Stevens' final argument is that cumulative due process errors require post-conviction relief.  Mr. Stevens points the Court to case law where the impact of one error standing alone might not be a basis for reversal but the cumulative impact of all the errors warranted relief.[44]  He maintains that the several errors committed at his trial cumulatively amounted to a constitutional violation.

(39)  This claim was not raised during trial, on direct appeal, or in Mr. Stevens' original motion.  Accordingly, it is procedurally barred unless he can show cause and prejudice or that it is a "colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity, or fairness of the proceedings leading to the judgment of conviction."[45]  Mr. Stevens argues that this claim is not barred because it includes claims of ineffective assistance of counsel which are not normally raised on direct appeal and it asserts a violation of due process under the United States Constitution.  The Court finds that this argument is procedurally barred because he cannot show prejudice or that this amounts to a colorable claim regarding a constitutional violation.

(40)  The Court, in reviewing all of Mr. Stevens claims, has determined that none are sufficient to warrant post-conviction relief.  While the Court acknowledges that errors were made during the course of Mr. Stevens' trial, including the failure to redact the inadmissible portion of Mr. Boyd's 3507 Statement, defense counsel's failure to ensure the redaction occurred, and a *Brady* violation, none of those errors caused any reasonable likelihood of a changed trial outcome.  Furthermore, the Court finds that the outcome of this trial would not change in light of the cumulative impact of these errors.  Accordingly, the Court

---

[44] *Wright v. State*, 405 A.2d 685, 690 (Del. 1979).

[45] Rule 61(i)(3) and (5).

16

finds that the verdict is worthy of confidence despite the cumulative impact of these errors. Therefore, Mr. Stevens' final argument is procedurally barred because he is unable to show prejudice and because it does not amount to a colorable claim of a constitutional violation.

(41) The Court finds that Mr. Stevens' several arguments for post-conviction relief are all either procedurally barred or without merit. On the record before the Court, the Court is comfortable making this decision in the absence of a further evidentiary hearing. The Commissioner's recommendation for the lack of a need for an evidentiary hearing is accordingly accepted.

**THEREFORE**, after reviewing the record and considering the Commissioner's Report and Recommendation, which is adopted in part, excepting only the different findings and analysis as outlined herein, it is clear that Mr. Stevens is not entitled to post-conviction relief, and his motion is therefore **DENIED**.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

JJC:jb

17